## ROSE v. WYNN.

DAMAGES: *Lessor and lessee: Failure to deliver possession.*

In an action by a lessee against his lessor for damages for refusal or failure to deliver possession of the demised premises, the general rule for the measure of damages is the difference between the rent reserved and the value of the premises for the term; and if this value be not greater than the rent reserved, the lessee can in general recover only nominal damages, though the lessor without just cause refused to give possession. But if other damages have resulted as the direct and necessary or natural consequence of the lessor's breach of contract, it seems that they, also, are recoverable.

APPEAL from *Mississippi* Circuit Court.

Hon. J. G. FRIERSON, Circuit Judge.

*O. P. Lyles* for appellant.

The instructions (especially the second) are too broad and misleading. Under them the jury might have found the amount he might have made at the hotel business, which is remote and speculative. *9 Ark., 894; 30 Ib., 50; 8 Am. Law Reg., 369 (N. S.); 71 Penn., 51; 5 Am. L. R. (N. S.), 748.*

### STATEMENT.

ENGLISH, C. J. This action was commenced the sixth of April, 1882, in the Circuit Court of Mississippi County, by J. B. Wynn against Martha Rose, for breach of a covenant for possession in a lease.

The lease declared on was executed the sixth of September, 1881. By its terms defendant demised to plaintiff for one year from the first day of November, 1881, the Planter's House in Osceola, usually kept as a hotel, and its appurtenances, furniture, table and kitchen ware, agreeing to

17

deliver to him possession of the premises on the first of November.

The plaintiff agreed to pay $175 for the use of the premises during the term, of which sum he was to pay $100 in cash on the last day of October, 1881, and execute to defendant a note for $75, payable at the end of the lease.

He also agreed to permit her to occupy a room in the house then occupied by her, and to board her free of charge during the term of the lease. She covenanted to make some repairs.

The complaint, after setting out the terms of the lease, alleged that on the day of its commencement plaintiff tendered to defendant $100 in cash, which she refused to accept, and was ready and offered to perform the other conditions of the contract on his part, but that defendant failed and refused to perform or comply with any part of the contract on her part. Plaintiff alleged that by reason of the failure and refusal of defendant to comply with the stipulations of the contract on her part he had been damaged to the extent of $1,000, for which he prayed judgment. He alleged no special damages.

In her answer defendant stated that she did engage to rent the house to plaintiff, and greatly desired to execute the contract, but found it impossible to get possession of the hotel from Mrs. Rowena Carrigan who was in the possession, and wrongfully held over. That she at once brought suit against Mrs. Carrigan for possession, but failed to get possession in time to carry out the arrangement with plaintiff. She denied that plaintiff was damaged as charged, and added that there was no consideration for the agreement; that it was a *nudum pactum* and void, and that she was prevented from consummating the agreement without fault on her part.

The case was submitted to a jury at the November term, 1882.

Rose v. Wynn.

On trial the plaintiff, after stating the terms of the lease, testified in substance that he gave his note to defendant for $75, as agreed, and on the day he was to take possession under the contract, tendered to her the balance of the rent money, and she informed him that she could not let him into possession, and she did not give him possession. That he sustained great damage—several hundred dollars—by not getting the house. That he was forced to make other arrangements; found it impossible to rent another house, and he and his wife boarded at Parnell's seventeen days at a dollar per day. They, boarded at Charles Gaylord's, in all, four and a half months, at $15 per month each, and he boarded her mother at said hotel at $15 per month, for four and a half months. Had to furnish fuel extra of board. In the mean time he built him a house. He had a considerable lot of wood purchased and hauled to operate the hotel with, and was forced to sell it at a loss because he could not get possession of the house. That on account of not getting possession of the hotel, he was compelled to scatter his family and change round some three or four times in the four and a half months spoken of. He had much trouble in building his house, on account of high water. It cost him $45 per month to board three of his family for the four and a half months. That he did keep house on $20 per month.

Parnell testified that he thought plaintiff had been damaged some, but did not know how much. It was a good deal cheaper to keep house than to board.

Gaylord testified that he charged plaintiff $15 per month for board, but did not charge him for board of his wife, she being sister-in-law to witness.

Plaintiff and wife staid at his house three months. He thought plaintiff was damaged some by not getting the

hotel. A man, in his opinion, could keep house cheaper by $20 or $25 per month.

Mrs. Carrigan testified that she was occupying the hotel at the time plaintiff was to have had possession of it, and refused te give it up to Mrs. Rose because she had no place to go to, and thereby defendant was prevented from carrying out her contract with plaintiff, which she would gladly have done. Defendant brought suit at once against witness, but she gave a counter bond, and held on to possession. She could not see how plaintiff was damaged, because she had lost money by keeping the hotel, and it was a lucky thing for plaintiff that he did not get it. (This was ruled out by the court.)

Mrs. Rose testified that she was anxious to have plaintiff get the house as per agreement, but Mrs. Carrigan refused to give possession, and so she was prevented from carrying out her contract. She could not see how plaintiff was damaged. She did get the note as stated by plaintiff, and when she found she could not carry out her agreement, she surrendered the note to Mr. Parnell, who was surety on the note for plaintiff. It was true that plaintiff offered her the $100, which she refused, because she found she was unable to comply with her written agreement.

The above being all the evidence, the court instructed the jury as follows:

"1. If the jury find from the evidence that plaintiff and defendant entered into a written agreement for the lease of the hotel building, that plaintiff performed his part and defendant failed to perform her part of the agreement, they will find for the plaintiff the amount of actual damages sustained by reason of such failure of defendant.

"2. In estimating damages, should the jury find for plaintiff, they will take into consideration the additional trouble, cost and expense of boarding, and the amount of

Rose v. Wynn.

damages actually sustained by plaintiff in being deprived of the use of the house during the period of the lease."

Excepted to by defendant.

The jury returned a verdict in favor of plaintiff for $150 damages.

Defendant moved for a new trial, on the grounds that the verdict was contrary to evidence, that the court erred in its instructions to the jury, and that the damages were excessive. Motion overruled; bill of exceptions, and appeal by defendant.

### OPINION.

Though appellant was unavoidably prevented from delivering possession of the demised premises, in compliance with the terms of the lease, yet appellee was entitled to a verdict for some damages for breach of the contract on her part.

If loss upon the wood provided by appellee for the purpose of operating the hotel could be treated as actual damages, resulting directly from breach of the contract by appellant, appellee did not state what such loss was.

It seems the family of appellee consisted of himself, wife and mother-in-law.

The difference between the cost of boarding them for four and a half months until appellee built his house, and the expense of living at the hotel, had possession been delivered, was conjectural, and too uncertain to be treated as the measure of damages in such an action.

The books agree that in an action by a lessee against a lessor for damages for refusal or failure to deliver possession of the demised premises the general rule for the measure of damages is the difference between the rent reserved and the value of the premises for the term.

DAMAGES: Lessor and lessee: Failure of lessor to give possession.

If the value of the premises for the term is no greater

than the rent which tenant has agreed to pay, then the latter is not substantially injured, and can in general recover only nominal damages, though the landlord without just cause refused to give possession. But if the value of the premises is greater than the rent to be paid, the lessee is entitled to the benefit of his contract, and this will ordinarily consist of the difference between the two amounts. *Adair v. Boyle, 20 Iowa, 242; Trull v. Granger, 4 Selden, (New York Court of Appeals), 115; 3 Sutherland on Damages, 150; Green v. Williams, 45 Ill., 206; Dean v. Roesler, 1 Hilton, 422.*

Special damages.

It seems, also, from the current of adjudications, that if other damages have resulted as the direct and necessary or natural consequence of the defendant's breach of the contract, these are also recoverable. For example, if plaintiff in good faith, and relying on the contract, has made preparation to take possession, and these have been rendered useless by the defendant's refusal to comply with his contract, the authorities hold that there may be a recovery for the loss thus sustained. *3 Sutherland on Damages, 151; Adair v. Boyle, sup.; Green v. Williams, sup.; Driggs v. Dwight, 17 Wend., 71; Newbough v. Walker, 8 Grattan, 16.*

Per contra, see *Hughes et al. v. Hood et. al., 50 Mo., 350.*

In this case appellee did not prove that the rental value of the demised premises was greater than the rent which he contracted to pay.

Nor did he prove any actual special damages within the above rule.

The instructions of the court did not properly advise the jury as to the measure of damages in the action. And the damages assessed were not warranted by the evidence.

Reversed, and remanded for a new trial.