## LITTLE *v.* HUDGINS.

### Opinion delivered March 1, 1915.

1. LANDLORD AND TENANT—POSSESSION OF PREMISES.—A landlord, under a lease, is not required to deliver manual possession of the premises to the tenant; the implied covenant is satisfied if there is no impediment to the tenant taking possession of the premises.

2. LANDLORD AND TENANT—LEASE—POSSESSION—RENT.—A landlord is not required to hunt up his tenant and ask him to go into posses-

sion of the premises, before he can collect the rent, which the tenant has agreed to pay; and the tenant is not excused from paying rent, when, at the beginning of the term, a third party was occupying the premises, where it appeared that the third party was ready to move, and that the tenant made no demand for the premises.

Appeal from Polk Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*J. I. Alley,* for appellant.

The contract stipulated that the premises were to be *delivered* to appellant on August 1, 1913. It is well settled that where there is a lease or rental contract, there is an implied covenant that the premises shall be open to entry to the lessee at the time fixed for the beginning of the lease; yet this case is even stronger, since there is not only the implied covenant but also the written agreement. 102 Ark. 103; 42 Ark. 257; 96 Ark. 78; 71 Ark. 251; 74 Ark. 227; 9 L. R. A. (N. S.) 127; 11 L. R. A. 498; 21 L. R. A. (N. S.) 239.

*W. Prickett,* for appellee.

Cases cited by appellant to sustain his contention do not aid him. He was not "prevented from obtaining possession by some one holding the premises." He admits that he made no demand for possession. If he had demanded possession and it had been refused, then there would have been a breach of the contract, and a different case would be presented, making the authorities relied upon by him applicable.

HART, J. Appellees instituted this action against appellant in the circuit court to recover $175 alleged to be due under a written contract of lease. The facts are undisputed and are substantially as follows:

On the 25th day of September, 1912, appellees by a contract in writing leased to appellant a house in the city of Mena, for a period of seventeen months from the first day of August, 1913. Under the lease appellant agreed to pay as rent the sum of $40 per month in the case the building was used for the purpose of selling liquor; otherwise the rent was to be $25 per month.

Appellant opened up a saloon in the city of Mena on the 13th day of June, 1913, but in a different portion of the town from that in which the leased premises are situated. On the 1st day of August, 1913, some one else was in possession of the premises and appellant made no attempt whatever to occupy the premises. The person who occupied the premises at that date had been a former tenant of appellee's and stated that he would have given up possession of the premises on the 1st day of August, 1913, if possession had been demanded of him, that he simply stayed on in the building for a while because no one asked him to give up possession. Appellant never did move into the building and refused to pay appellees any rent. This suit was brought to recover rent for seven months. The court directed a verdict for appellees and the case is here on appeal.

Appellant relies for a reversal of the judgment upon the cases of *Thomas* v. *Croom,* 102 Ark. 108, and *Rose* v. *Wynn,* 42 Ark. 257. We do not think either of these cases is an authority for the position assumed by appellant. In each of them the lessee endeavored to take possession of the leased premises and was prevented from doing so by a former tenant asserting a right to hold over under a prior lease from the landlord. In the case of *Thomas* v. *Croom,* the court said that by virtue of a lease contract there is an implied covenant that the demised premises shall be open to entry to the lessee at the time fixed in the lease for the beginning of the term and that if the lessee is prevented from obtaining possession by some one holding the premises, then such covenant is violated.

(1) The law does not contemplate that a landlord shall hunt up his tenant and ask him to go into possession of the premises before he can claim the rent which his tenant has agreed to pay. It is the duty of the tenant to take possession of the premises, if possession thereof is not withheld from him. If he does not do so he is liable for the rent from the beginning of the term for which he has leased the premises. The landlord is not

required to deliver manual possession of the premises to the tenant. The implied covenant is satisfied if there is no impediment to the tenant taking possession of the premises.

(2)　In the case before us the undisputed evidence shows that the former tenant was not wrongfully holding possession of the premises but, on the other hand, states that he was willing to vacate them when notified to do so. Appellant made no attempt whatever to occupy the premises but simply states that he did not move into them because at the beginning of the term of his lease the former tenant had not moved out. Under these circumstances we think the court was correct in directing a verdict for appellees and the judgment will be affirmed.