MORRISON *v.* WEINSTEIN.

Opinion delivered December 24, 1921.

1. LANDLORD AND TENANT—FAILURE TO DELIVER POSSESSION TO LESSEE —DAMAGES.—A lessor who was unavoidably prevented from delivering possession of the leased property is liable for damages resulting from the breach of an implied covenant for possession, and it is immaterial that the lessee knew at the time the lease was executed that certain tenants in possession would attempt to hold over.

2. LANDLORD AND TENANT—FAILURE TO DELIVER POSSESSION—MEASURE OF DAMAGES.—The measure of damages in an action by a lessee against a lessor for failure to deliver possession of leased premises is the difference between the rent reserved and the value of the premises for the term.

3. DAMAGES—BREACH OF CONTRACT—SPECIAL DAMAGES.—In order to recover special damages for breach of contract, plaintiff must show that at the date of the contract defendant had notice of the special conditions rendering such damages the natural and probable result of such breach, under circumstances showing that the contract was to some extent based upon or made with reference to such condititons.

4. LANDLORD AND TENANT—BREACH OF COVENANT—SPECIAL DAMAGES. —Where, at the time a lease was executed, the lessee knew that another tenant was in possession of the premises, claiming the right to hold over, it could not have been in contemplation that special damages would be claimed for breach of the implied covenant to deliver possession.

5. APPEAL AND ERROR—WAIVER OF OBJECTION.—Where, under the undisputed facts in the case, the appellee was not entitled to recover special damages, so much of the verdict as awards such damages will be set aside, even though appellant was estopped to object to instructions covering the issue of special damages, as appellant did not thereby waive the right to contend that she was not liable for special damages.

6.   APPEAL AND ERROR—HARMLESS ERROR.—Error in instructing on
     special damages will not be considered when the party com-
     plaining was not entitled to special damages.

Appeal from Sebastian Circuit Court, Ft. Smith District; *George W. Dodd,* special Judge; reversed in part.

*Cravens, Oglesby & Cravens* and *R. P. Williams,* for appellant.

1.   There was no breach of the implied covenant to put the plaintiff in possession, resulting from the holding over by the former tenants of the leased premises. Their holding over was wrongful and unlawful, and of the fact that they would hold over plaintiff was fully advised. The defendant could not have put the plaintiff in possession on the first day of January, 1920, and the plaintiff knew it. 35 Ore. 166; 58 Pac. 37; 1 Taylor, Landlord & Tenant, § 305; 3 Sutherland on Damages, § 863; 1 Tiffany on Landlord & Tenant, 1301, § 186; *Id.* 535, § 79; *Id.* 546, § 83; 38 Am. Dec. 637, 638; Jones, Landlord & Tenant, § 361; 37 Okla. 553; 133 Pac. 74; 49 L. R. A. (N. S.) 372; 159 Wis. 47, 51; 1 McAdams, Landlord & Tenant, 430, § 125.

2.   If the wrongful act of the former tenants in holding over was the sole cause of the failure of the plaintiff to obtain possession, then the defendant was not liable in damages for the breach of the covenant to put him in possession, but only for the amount paid for lease rent, which he was compelled to pay in order to hold his rights under the lease. 3 Sutherland on Damages, § 863; 177 App. Div. Sup. Ct. (N. Y.) 88; 18 Pa. Sup. 395; 2 McAdams, Landlord & Tenant, 382; 97 Pa. St. 120; 18 Supr. Ct. (N. Y.) 907; 64 Hun. 209; 17 N. Y. Sup. 741; 139 N. Y. 432; 34 N. E. 1055; 159 Wis. 47, 51; 75 Conn. 486; 54 Atl. 213.

3.   The damages recoverable, if any, are such as would naturally arise from the breach of the contract to give possession, *i. e.,* the difference between the rent reserved and the value of the premises for the term. 42 Ark. 257; 102 *Id.* 113; 125 *Id.* 174; 75 *Id.* 589; 76 *Id.* 468; 96 *Id.* 78.

. In this case special damages were not in contemplation of the parties, and the only proper elements of damages allowable consisted in the value of the premises, any rent that may have been paid and any reasonable expenses to which the lessee had gone in order to be able to occupy the premises at the beginning of the term. The bonus paid for the lease at 715 Garrison Avenue and money expended for fixtures and repairing that building are special damages and not recoverable. 104 Ark. 215; 75 *Id.* 469; 72 *Id.* 275; 60 N. Y. Rep. 487, 492; 190 S. W. 1149; 89 Tex. 429; 35 S. W. 6, 7; 1 Sedgwick, Measure of Damages, § 156; *Id.* § 52; 137 S. W. (Ky.) 800; 120 S. W. (Tex.) 560, 563; 48 Mich. 106-109; 190 U. S. 540; 47 L. Ed. 1171; 69 Atl. 394; 54 Atl. 213, 217.

4. The damages assessed are excessive. Plaintiff could in no event be entitled to receive more than one satisfaction for breach of the contract. 63 Wis. 322; 32 N. W. 35, 41; 89 Mich. 34; 50 N. W. 747; 2 Underhill, Landlord & Tenant, 694; 1 S. W. (Ark.) 869; 70 Ill. 426; 172 N. Y. Sup. 206, 209.

*Hill & Fitzhugh,* for appellee.

1. The decided weight of authority is to the effect that it is the duty of the lessor to put the lessee into possession, that the lessor agrees to give possession. Jones, Landlord & Tenant, § 361; 1 Tiffany, Landlord & Tenant, § 81; 1 Taylor, Landlord & Tenant, § 324; 9 L. R. A. (N. S.) 1127, note; 21 L. R. A. (N. S.) 239. It is settled in this State that the landlord must respond in damages for failure to deliver demised premises, even though unavoidably prevented from so doing. 42 Ark. 257; 102 *Id.* 108.

2. If, as appellant contends, the plaintiff knew that he would not get possession of the property on January 1st, that fact did not relieve appellant. A lessor must comply with his contract, or suffer the consequences. Hence there can be no question as to the item of rent paid by the plaintiff, which the defendant concedes,

nor as to the item of recovery for the difference between the rent reserved in the lease and the fair rental value of the property.

3. As to the expenses incurred by plaintiff in procuring a temporary lease at 715 Garrison Avenue and in repairing and fitting up the building for occupancy, these expenses were the natural consequences of the breach of the contract and necessarily flowed therefrom. 42 Ark. 257; 1 Tiffany, Landlord & Tenant, 548.

4. Appellant having herself asked that the issue as to repairs made on the building at 715 Garrison Avenue and the bonus paid for the temporary lease thereof be submitted to the jury, ought not now to be heard to say that she is not liable for such items of damages. 82 Ark. 105; 93 *Id.* 472; 87 *Id.* 386; 74 *Id.* 72; 80 *Id.* 376.

Objections to instructions will not be considered where the abstract fails to set out all of the instructions given. 75 Ark. 347; 90 *Id.* 398.

HUMPHREYS, J. Appellee instituted suit against appellant in the Sebastian Circuit Court, Fort Smith District, to recover $1,960 together with interest on account of rents paid by him to appellant on a lease contract for a business house owned by appellant, situated at 712 Garrison Avenue, in the city of Fort Smith, Arkansas, of which he failed to obtain possession, and general and special damages resulting from an alleged breach of an implied covenant for possession thereof. The general damages claimed were for the difference between the rent reserved in the lease and the rental market value of the property, and the special damages were for expenses incurred in procuring a building for temporary occupancy and repairs thereon, at No. 615 Garrison avenue. Appellant filed an answer admitting the indebtedness on account of rents received from appellee, but denying liability for general or special damages. The cause was submitted upon the pleadings and evidence, which resulted in a judgment against appellant in the sum of $7,711.95, consisting of

the following items: $2,072.80 on account of rent paid; $2,400 on account of the difference between the rent reserved in the lease and the market value of the lease; $2,837.74 on account of expenditures made by appellee in installing temporary fixtures at No. 615 Garrison Avenue; and $401.41 on account of the bonus paid by appellee to procure a lease on the building at 615 Garrison Avenue. From the judgment an appeal has been duly prosecuted to this court.

The facts revealed by the record, in so far as necessary to determine the questions presented on appeal, are as follows:

Appellant executed a written lease for her building at 712 Garrison Avenue to appellee for the term of four years, beginning the first day of January, 1920, for $280 per month. The lease did not contain an express covenant for possession of the property. The property at 712 Garrison Avenue was occupied by the Apple Hat Company and the Southern Millinery Company. These tenants asserted the right to occupy the building for the year 1920, and advised both appellant and appellee before they entered into the lease contract, of date December 5, 1919, that they were going to keep the building and would not remove therefrom on the first day of January, 1920, or at any time during the year. On the first day of January, 1920, they refused to move out of appellant's building, and appellant and appellee joined in a suit to evict them. They gave bond, however, and retained possession of the building. The court ruled that appellee was not a proper party to the suit and dismissed the action as to him. The case was continued from one term of the court for lack of proper service, and at the October term thereafter appellant, without the consent of appellee, dismissed her suit against the Apple Hat Company and the Southern Millinery Company for possession of the property and leased the property to the Apple Hat Company, who indemnified her to the ex-

tent of $3,500 against loss in any suit that appellee might bring against her. On October 16th appellant notified appellee that she intended to allow the old tenants to continue to occupy her building and inclosed in the letter of notification a check covering the amount of rent she had collected from appellee to that date with interest thereon, which she tendered in full satisfaction of any claim appellee might make against her. Appellee refused to accept the check. During the pendency of the suit appellant demanded and collected from appellee the rental of $280 per month. In May, 1920, appellee was compelled to give up the old stand occupied by him. He notified appellant that it would be necessary to obtain temporary quarters until he could get possession of her building. After an interview with her attorney, who advised him to lease the building at No. 615 Garrison Avenue, he did so. He was compelled to pay a bonus of $401 to get the lease on that building and to expend a large amount in repairing it for use. Appellee notified appellant of the amount of and necessity for making these expenditures.

Appellant's first insistence for reversal is that she is not liable for damages because she made every effort to put appellee in possession of the property, and that he was prevented from taking possession by her old tenants who wrongfully retained possession of the property after their lease expired. This court ruled, in the case of *Rose* v. *Wynn,* 42 Ark. 257, which ruling was confirmed in the later case of *Thomas* v. *Croom,* 102 Ark. 108, that a lessor who was unavoidably prevented from delivering possession of leased property was liable for damages resulting from the breach of the covenant, express or implied, for possession. Appellant attempts to differentiate these cases from the instant case because in those cases the lessees had no knowledge at the time the leases were executed that the old tenants would attempt to hold over, whereas in the instant case appellee had such knowledge. We think this can make

no difference. A lessor's liability grows out of the
fact that he entered into a binding covenant or contract
to give possession in any event in so far as human af-
fairs are concerned. We think, therefore, there can be
no question that appellee was entitled to recover the
difference between the rent reserved and the value of
the premises for the entire four years' term.

This court is committed to the rule that the meas-
ure of damages in an action by a lessee against a lessor
for failure to deliver possession of leased premises is the
difference between the rent reserved and the value of
the premises for the term. *Rose* v. *Wynn, supra.* While
ordinary or general damages follow as a matter of course
for a breach of the covenant or contract for possession
of leased premises, special damages do not. Special
damages are allowable only in case they were in con-
templation of the parties at the time of the execution of
the lease in the event a breach of the covenant for pos-
session should occur. The rule concerning special dam-
ages in the case of *M. K. & T. Railroad Co.* v. *Belcher,*
89 Texas 429, seems to be 'fair and just. It is as follows:
"The rule seems to be settled that plaintiff, in order to
recover special damages for breach of a contract, must
show that at the date of the contract defendant had
notice of the special conditions rendering such damages
the natural and probable result of such breach, under
circumstances showing that the contract was to some ex-
tent based upon or made with reference to such condi-
tion."

The claim of appellee in the instant case for special
damages could not have been within the contemplation
of the parties or in reliance upon the contract at the time
it was executed, for it was then known that the old ten-
ant claimed the right to hold the premises and would ex-
ercise that right, and that appellee would or might have
to move out of his old stand and secure temporary quar-
ters before the old tenants were evicted. With this
knowledge or information in possession of each party to

the contract, it could not have been within contemplation that special damages would be claimed, for under those circumstances appellee had no right to rely on getting possession of the premises at the beginning of the lease. The facts in this case, under the rule announced, did not warrant a verdict for special damages. The judgment is affirmed for rents and damages for the difference between the rent reserved and the market value of the lease, but is reversed and dismissed in so far as special damages were adjudged.