SULLIVAN v. WILSON MERCANTILE COMPANY.

Opinion delivered February 14, 1927.

1. EQUITY—CONCLUSIVENESS OF VERDICT.—The verdict of a jury in a chancery case is advisory to, but not binding on, the court.

2. EQUITY—SUBMISSION OF ISSUES TO JURY.—Where a decree was rendered in accordance with the verdict of a jury in an equity case, it will be assumed that the court concurred in the jury's finding, and that the verdict indicates what the court's finding would have been, in the absence of a jury.

3. LANDLORD AND TENANT—WRONGFUL DISPOSSESSION—DAMAGES.— The lessee of farm land, having been wrongfully dispossessed by a purchaser from the lessor, was entitled to recover the difference between the fair rental value of the demised premises and the rental value named in the lease.

4. LANDLORD AND TENANT—WRONGFUL DISPOSSESSION—DAMAGES.—A lessee wrongfully dispossessed from farm land is not entitled to recover damages for a rake purchased to use on alfalfa to be grown on the land or for loss on hogs or cattle purchased for pasturing on the land, such damages being too remote.

5. APPEAL AND ERROR—TRIAL OF EQUITY CASES.—On appeal in an equity case, the trial is *de novo.*

Appeal from Randolph Chancery Court; *Lyman F. Reeder,* Chancellor; reversed.

*David L. King,* for appellant.

*G. G. Dent* and *Walter L. Pope,* for appellee.

SMITH, J. Upon the former appeal in this case, reported in 168 Ark. 262, it was adjudged that appellant, Sullivan, had been erroneously enjoined from occupying a certain lease. The facts upon which that conclusion was based are stated in the former opinion, and need not be restated here. Appellant has asked a dissolution of the injunction and an award of damages, but that relief had been denied because, in the opinion of the trial court, appellant's lease was void. We reversed that finding, and, in doing so, said that, if appellant's cross-complaint had been an independent action for damages, his remedy was complete at law, and he could not have invoked the jurisdiction of a court of equity, but, as appellee had obtained an injunction which had deprived appellant of substantial rights, the latter was entitled, under the statute, to a restitution of the possession of the lease of which he had been deprived by the injunction and to an assessment of damages sustained by reason thereof. Sections 5822 and 5825, C. & M. Digest, were cited in support of the law as there stated.

We held that the effect of the dismissal of appellant's cross-complaint was to dissolve the injunction, and that appellant was entitled to the relief provided under the statute cited, and it was ordered that the decision of the court below be reversed, and the cause remanded with directions to the court to make an order of restitution and to assess the damages in accordance with the statute. That opinion was handed down March

23, 1925.   Upon the remand the order of restitution was made at the September, 1925, term of the court, and it was ordered that a jury be selected and impaneled on the 26th day of October, 1925, to assess the damages.

The restitution appears to have been delayed and never made, by reason of an intervention filed by W. H. Kelley, which was later dismissed, so that, when the trial of the question of damages came on to be heard, appellee was still in possession of the land.   The lease had therefore practically expired when the cause was heard.

Section 5822, C. & M. Digest, referred to in the former opinion of the court, provides that, upon the dissolution of an injunction, the court may, in its discretion, cause a jury to be impaneled to assess the damages, and this was done.   Upon the trial before the jury there was a verdict in appellant's favor for the sum of one cent, and a judgment accordingly, from which is this appeal.

It may be first said that the verdict of a jury in a chancery case is advisory to, but not binding on, the court.  *Hinkle* v. *Hinkle,* 55 Ark. 583, 18 S. W. 1049. But, inasmuch as the decree was rendered in accordance with the verdict of the jury, it must be assumed that the court coincided with and concurred in the finding of the jury, and that the verdict indicates what his own finding would have been, had he passed upon the question originally without the intervention of a jury.

It appears, from the facts stated, that appellant was never at any time in possession of the land leased.   He had not expended any money in the cultivation or an attempt to cultivate the land.   The measure of damages is therefore the difference between the fair rental value of the demised premises and the rental value named in the lease, and the court so instructed the jury.  *Reeves* v. *Romines,* 132 Ark. 599, 201 S. W. 822; *Morrison* v. *Weinstein,* 151 Ark. 255, 236 S. W. 585.

The question presented on this appeal is therefore one of fact, and we will not review the testimony of the witnesses in detail.

The land leased embraced twenty-one acres, and the agreed rental was $10 per acre per annum. The lease covered the years 1923, 1924 and 1925. Seventeen acres of the land were in alfalfa and the remaining four acres in Bermuda grass. The testimony of all the witnesses appears to be that the land in Bermuda grass was worth about $10 per acre per year, which was the agreed rental, so we need not consider it further.

The testimony on appellant's behalf was to the effect that the alfalfa could have been cut from three to five times, and would have yielded in 1923 as much as sixty tons, which would have been worth from $25 to $30 per ton. Most of the alfalfa land was planted in corn in 1924, and all of it was so planted in 1925. The testimony was in conflict as to what the yield in corn for these two years would have been, but we think the preponderance of the testimony shows a production which would have made the rental value greater than the agreed value.

The testimony on the part of appellee concerning the rental value of the alfalfa land shows its value to be less than that stated by appellant and his witnesses, but we think the testimony in its entirety shows that this alfalfa land was worth substantially more than the agreed price.

In the case of *Reeves* v. *Romines, supra,* it was held that " 'rental value' is not the probable profits that might accrue to the tenant, but the value, as ascertained by proof of what the premises would rent for, or by evidence of other facts from which the fair rental value may be determined."

The value of the alfalfa was not therefore the measure of the rental value of the land, but the tenant was entitled to cut and appropriate it, and the probable yield of the crop and its value was therefore a proper circumstance to consider in determining what the rental value of the land was, its condition considered, at the time the lease was made. So also was the probable productivity of the land in corn, the crop which was subsequently planted, and, when these elements are all con-

sidered, we conclude that the lease for the three-year period of its duration was worth $300 more than the agreed price. Had appellant been allowed to occupy the land, as his lease entitled him to, he would have had the right to determine the kind of crops which he would plant and the right to plant the ones which would have been most profitable.

Appellant discusses various items, aggregating $1,650 which he says should be allowed him as damages. Among these are a rake which he bought to rake his alfalfa, and which became worthless to him when he lost the alfalfa field. Other items include a loss on hogs and cattle which he bought to pasture on the land. These items are not recoverable elements of damage, as they are too remote.

We conclude therefore that the judgment should have been rendered in appellant's favor for a substantial amount, and we have concluded, from a consideration of all the testimony, that three hundred dollars fairly represents the difference between the actual and the agreed value, and, as we try the case here *de novo,* the decree of the court below will be reversed, and a decree entered here in appellant's favor for that amount.