MAGNOLIA v. DAVIES.

4-3122

Opinion delivered October 9, 1933.

W. D. McKay, for appellant.

Henry Stevens and A. A. Thomason, for appellee.

BUTLER, J. The appellee is the owner of a lot in the city of Magnolia on which his residence is located. It is bounded on the north by an alley which has been opened and in use for a number of years. He brought this action in the chancery court alleging that the appellant, acting through its duly authorized agents, constructed a tile drain which terminated in the alley which was the north boundary of his property; that the construction of the drain diverted the surface water from its natural flow into the alley which, before such construction, flowed so as not to injure appellee's property; that by reason of the construction of said drain and the unlawful diversion of the waters the alley was washed and rendered impassable, so that means of ingress and egress to and from his property was destroyed. He alleged that this alley was a public one, recognized and used as such for a great number of years, and that he had used it in going to and from his property; that by reason of the washing of the alley he had been damaged in the sum of $150, and, by reason of the overflowing of his lot, it had been rendered unfit for building purposes, pasture or cultivation, to his damage in the further sum of $350. He prayed judgment for the said sums and that an injunction issue restraining the appellant from fur-

ther maintaining the tile drain and from further diverting the water on his property.

The appellant moved to transfer the case to the circuit court setting up that it was an action for damages triable before a jury, and that plaintiff had a full and adequate remedy at law. On the filing of this motion, the appellee amended his complaint setting up again the unlawful diversion of the water into the alley and the resulting damage to his property. He further alleged that the damage was a continuing one; that there was no way in which he could protect his property, and that he had no remedy for the repeated injuries which would result to him as the same would occur after each rain.

Thereafter, the court overruled the motion to transfer over the objections and exceptions of appellant. Whereupon the appellant answered, joining issue with the appellee on the allegations of his complaint. At the request of the appellant, the issues were submitted to a jury, and testimony was introduced on behalf of the appellee tending to establish his allegations and on behalf of the appellant contradictory to the testimony offered by the appellee. The court thereupon submitted the question of damages to the jury on instructions, the correctness of which is not questioned. The jury returned a verdict in favor of the appellant, and on the 12th day of May, 1932, the court rendered judgment as follows: "It is therefore by the court considered, ordered and adjudged that the plaintiff herein, A. W. Davies, do not have of the defendant, city of Magnolia, damages in any sum, but that the said plaintiff herein do pay any and all costs arising herein."

On the 16th day of December following and at a subsequent term, the court in the same case rendered a decree by which it found that the tile drain diverted the water from its natural flow and conveyed the same in great volumes to its point of discharge in the alley by which the same was washed out; that the said washing has left undesirable sedimentary deposits in parts of the alley and upon plaintiff's land, and that same is continued to be flooded and washed. The court further

found that before the construction of the drain this condition did not exist; that by reason of the discharge of the waters plaintiff was deprived of the use of the alley which he had used for a number of years, and that he was unable to protect his land, and that the water will continue to be diverted and conveyed by the spillway as long as the drain is permitted to remain. The court thereupon decreed that the city be perpetually restrained from maintaining the drain and from further diverting the water and pay all the costs of the suit. It is from this decree that the present appeal is prosecuted.

The basis of the suit in the trial court and the ground upon which the injunctive relief was sought was that the diversion of the water into the alley damaged appellee's property, that the same was a continuing damage which worked an irreparable injury. These questions were submitted to the jury for its determination which found that none of the elements of damage complained of existed. This verdict was not conclusive on the court but advisory. Yet, when the court rendered its judgment based upon this verdict, it must be held to have adopted the conclusion of the jury as its own, and that this would have been its finding, had the question been presented originally to it without the intervention of a jury. *Sullivan* v. *Wilson Merc. Co.,* 172 Ark. 914, 290 S. W. 938. Therefore the question upon which appellee's suit depended was adjudicated, and the court was without power at a subsequent term to render the decree enjoining the maintenance of the drain, since it appears that no damage resulted therefrom.

The decree of the trial court is therefore reversed, and the case dismissed.