EDMONDSON *v.* HAMMERSCHMIDT LUMBER COMPANY.

4-4739

Opinion delivered October 11, 1937.

Shouse & Walker, for appellants.

Cotton & Murray, for appellee.

MEHAFFY, J. The appellee, Hammerschmidt Lumber Company, a corporation, filed this suit in the Boone chancery court against appellants, J. B. Edmonson and Mrs. J. B. Edmonson, alleging that they were indebted to it in the sum of $95.77, balance due for material furnished appellants for the construction of a dwelling on real estate, set out in the complaint. Appellee prayed judgment for said sum and a lien on the lands involved.

The appellants answered, denying they owed appellee anything, and alleging that appellee owed them a balance of $60.46, after striking a proper balance upon the accounts.

This appeal comes from the chancery court, and the appellants contend first that the chancellor did not have jurisdiction to enter the decree. The decree was entered in vacation, and the record shows that it was by agreement of the parties, and from the record we must conclude that the chancellor had jurisdiction.

The only question in the case for our decision is whether the decree of the chancellor is contrary to the weight of the evidence.

We try chancery cases here de novo, and as contended by appellee, we do not reverse the decree of the chancellor unless his finding is against the weight of evidence. Sullivan v. Wilson Mercantile Co., 172 Ark. 914, 290 S. W. 938; Adams v. Harrell, 173 Ark. 123, 292 S. W. 409; Langston v. Hughes, 170 Ark. 272, 280 S. W. 374; Ark. Bankers' Assn. v. Ligon, 174 Ark. 234, 295 S. W. 453, A. L. R. 534; Vassar v. Mitchell, 169 Ark. 792, 276 S. W. 605; Bilyeu v. Wood, 169 Ark. 1181, 278 S. W. 48; Crill v. Trites, 186 Ark. 354, 53 S. W. (2d) 577; Woods v. Spann, 190 Ark. 1085, 82 S. W. (2d) 850.

One item for which appellants claim credit is $1.90. It is conceded that this was court cost, and, therefore, it should not have been included.

The appellee agrees that cement was to be charged at 65 cents, and that, if any charge was greater than that, it was error. It appears from the evidence that the overcharge on cement was $2.40. About this there is no dispute.

The appellants claim credit, also, for $42.20 for merchandise returned. On this item Mr. Edmonson testified that appellee had charged him with $42.20 that should have been a credit, and this would make a difference in the account of $84.40. Mr. Ledbetter, the bookkeeper of appellee, testified that there was no credit to Edmonson on the account for $42.20, merchandise returned on June 14, 1933; that he personally knew nothing about the invoice or ticket showing the amount of $42.20, but on the ticket, he testified, there were the initials, A. P. H. He did not know who put them there, but he believed they were Mr. Hammerschmidt's initials. Ledbetter had been working for Hammerschmidt for eight years and saw his signature frequently, and testified it looked like his writing.

Mr. Hammerschmidt testified on this item that he had nothing to do with the making out of this ticket or with the delivering of the lumber. When unused material is returned from a job the customer should receive credit for it; that if the customer is not there when the material is returned, appellee makes out a credit sheet and furnishes him a copy at the end of the month, and this accounts for the fact that some credit sheets do not carry the signature of the customer. Where the customer is present he signs the credit slip; that he did not personally remember anything about the $42.20 item. He did not remember about Mr. Edmonson coming to him and calling his attention to the mistake, and did not remember that he wrote the word credit, in his own handwriting, signed by initials, at the bottom; he did not remember the transaction, the writing appeared very similar to his own. He said he went by the records al-

together, and that Mr. Ledbetter made the records, but he never at any time wrote the word credit on carbon copies of the ticket.

Other witnesses testified that the amount was not a credit, but a proper charge. Glen Reed testified that he helped handle the material that was returned. D. B. Boatright testified that he was a carpenter and assisted in the building of Edmonson's home; he helped to load some of the material which they could not use, and which was returned to the lumber yard. Witness himself went to Mr. Hammerschmidt and told him that some of the flooring was bad and they could not use it, and was returned with other material left over.

It appears from a preponderance of the evidence that this merchandise was returned, and that appellants should have been given credit for $42.20. It, also, appears from a preponderance of the evidence that appellants should have credit for $5 for hauling. This item of $42.20 appears to have been charged to Edmonson, when he should have been credited with the amount. There is an item of $1.14 that was charged to Layton Coffman, and it was afterwards charged to appellant. We think the evidence clearly shows that this $1.14 should have been charged to Coffman and not to Edmonson.

It, therefore, appears that the appellant is entitled to $94.84 and that appellee's claim is $93.87. We have given Edmonson credit for all the items that are shown by a preponderance of the evidence that he is entitled to.

We have reached the conclusion that as to all other items in the accounts of the parties, the finding of the chancellor was not against the preponderance of the evidence.

The decree is, therefore, reversed, and the cause remanded with directions to enter a decree not inconsistent with this opinion.