BROOKS *v.* BUIE.

Opinion delivered November 8, 1902.

UNLAWFUL DETAINER—RETENTION BOND—LIABILITY OF SURETIES.— Where, in an action of unlawful detainer, defendant gave a bond with sureties (under Sand. & H. Dig., § 3452), conditioned that he would deliver possession of the premises to plaintiff if plaintiff recovered in the action, and subsequently during the pendency of the suit plaintiff parted with title to the land, whereupon his grantee was made a party, it was error, on rendering judgment for such grantee, to give judgment for damages against the sureties in the retention bond.

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Reversed in part.

*Austin & Taylor* for appellant.

Judgment could not be given against the sureties on the bond in favor of W. N. Buie because he was not the *plaintiff*, nor a party when the bond was executed. Sand. & H. Dig., §§ 3452, 3458; 31

Ark. 470; 17 Ark. 546; Brandt, Sure. & Guaranty, § 79. It was error to render judgment against J. H. Brooks, as he was not in possession, nor was a jury impaneled. 4 Ark. 574; 9 Ark. 358; 8 Ark. 177. The statute of fraud has no application, because of partial performance by both parties. 55 Ark. 583; 44 Ark. 334; 19 Ark. 23; 21 Ark. 110.

*N. T. White & Ben J. Altheimer,* for appellees.

The title to the property is not in question. 38 Ark. 584; 40 Ark. 192; 41 Ark. 535. The chancery court held the cause for final disposition of all matters before it. Sand. & H. Dig., § 3452; 37 Ark. 292; 30 Ark. 278; 46 Ark. 96; 48 Ark. 312. A jury was not necessary to assess damages. Sand. & H. Dig. § 3458; 4 Ark. 574; 9 Ark. 348. The finding of the court is sustained by the proof. 63 Ark. 103; Pom. Sp. Per., §§ 116, 136; 26 Pa. St. 365. The statute of frauds is applicable. 44 Ark. 83; 7 L. R. A. 568. Adverse possession, to be effective, must be exclusive. 27 Ark. 77; 24 Ark. 471; 30 Ark. 640; 20 Ark. 547. Possession, to constitute part performance, must have been taken under the contract. 8 Am. & Eng. Enc. Law, 744; 21 Ark. 278; 44 Ark. 83, 339; 63 Ark. 100; 27 Ark. 290. Appellant is barred by laches. 22 Am. & Eng. Enc. Law, 1043-49.

BUNN, C. J. This suit was originally instituted in unlawful detainer, in the Jefferson circuit court, by W. W. Buie, one of the appellees, against James H. Brooks, husband of Martha I. Brooks, for the possession of a small farm in Jefferson county, which W. W. Buie had rented to James H. Brooks in March, 1898, for that year, alleging that the latter had refused to surrender after the time for which he had rented had expired—31st December, 1898—the notice and demand having been given under the statute. On the calling of the case for trial, Martha I. Brooks, wife of the said James H. Brooks, who had been with him in possession, appeared, asked to be and was made a party defendant, and filed her answer and cross-bill, setting up an interest in the land, and asked that W. N. Buie be also made a party, he having purchased the land by deed in September, 1898, and that the cause be transferred to the equity docket, and this was done; and W. N. Buie, as did also W. W. Buie, answered the cross-bill of said Martha I. Brooks, denying that she had any interest in the land, and also that W. N. Buie before his

purchase had any knowledge or information of her claim, and both pleaded the statute of frauds, her claim not being founded upon any writing.

In her answer and cross-bill Martha I. Brooks stated that she was the daughter of W. W. Buie, and had from her birth lived with him and her mother until her death, and with him until some time in the year 1898, and on the land in question from the time her father purchased it, many years before; that she had earned considerable sums of money by her own exertions, and with this had assisted her father in paying the purchase money he was owing on the farm, and also in adding to the improvements thereon; that it was the understanding between him and her that, in consideration of her assistance as aforesaid, she was to have a half interest during her life, and that on the death of both her father and herself (the mother having long since died) the land should be the property of her nephew and the father's grandson, whom they had reared and taken care of, the said W. N. Buie, who was the son of T. E. Buie, her brother and also son of W. W. Buie. W. W. Buie, the father, rented the land for the year 1898 to the son-in-law, James H. Brooks, and continued to live with him and his wife, Martha I., on the place, a little while afterwards, when disagreements arose, and their relations became so unpleasant that he moved away and resided elsewhere; that in September, 1898, W. W. Buie, for a valuable consideration, sold the place to his said grandson, W. N. Buie, giving him his deed, but with the understanding to deliver him possession at the expiration of the rent of James H. Brooks, on the 1st of January, 1899. W. W. Buie and W. N. Buie answered the cross-bill as aforesaid.

The evidence in the case showed that Martha Brooks, while living with her father, after she became of age and before her marriage with Brooks, assisted him with her means to a considerable extent in paying for the place and improving the same; but the understanding between them is shown to have been a very loose and indefinite one, amounting to a mere verbal promise to convey, by will or deed, in the future, an interest to her and remainder to the grandson and nephew. We are of opinion that her claim to an interest in the land is not sustained by sufficient evidence.

But Martha I. Brooks, with her sureties, D. N. White and D. L. Tucker, made the retention bond in this action to W. W. Buie, the only plaintiff at the time, and judgment for damages was ulti-

mately rendered against them for holding over after the rent term had expired, when W. W. Buie had no longer the ownership or possessory rights in the property. As to sureties, the obligation cannot be extended beyond its terms. The decree against the sureties on this bond is erroneous, and in that respect the decree must be reversed, and as to them the cause is dismissed here. In all other respects the decree of the chancellor is affirmed.