## McElvaney v. Smith.

Opinion delivered July 29, 1905.

1. Pleading—amendment to conform to proof.—Where, without objection, proof was admitted to disprove an allegation in the complaint not put in issue by the answer, a merely general objection to an instruction which assumed that such allegation had been put in issue was insufficient to call the court's attention to the defect in the answer, which will be treated as amended to conform to the proof. (Page 469.)

2. Instruction—assumption of disputed fact.—An instruction which assumes a material fact in dispute is misleading and prejudicial. (Page 470.)

3. Landlord and tenant—unlawful eviction—damages.—For an unlawful eviction a tenant is entitled to recover as damages whatever loss results to him as a direct and natural consequence of the landlord's wrongful act; thus, if the rental value of the place from which he is evicted is greater than the price he agreed to pay, he may recover this excess, and, in addition thereto, any other loss directly caused by the eviction, such as the expense of removal to another place. (Page 470.)

4. Same—damages for eviction—cost of two removals.—A tenant wrongfully evicted may, if necessary, seek a temporary shelter until he can secure a suitable home to rent, and recover damages for both moves if they are so closely connected as to be in effect one and directly caused by the eviction. (Page 471.)

5. Instruction—objection.—Objection to an instruction on account of a merely formal defect should be saved by a special exception. (Page 471.)

Appeal from Craighead Circuit Court, Jonesboro District.

Hance N. Hutton, Judge, on exchange of circuits.

Reversed.

### STATEMENT BY THE COURT.

McElvaney was the owner of a farm in Craighead County which he rented to Smith for the year 1899. Smith continued to remain on the land after the expiration of his term, and was put out by an action of unlawful detainer. On the trial testimony for McElvaney tended to show that he only rented the farm to Smith for 1899; that during the latter part of that year he was endeavoring to sell the farm; but, as a sale was uncertain, he told Smith that if he failed to sell the place he would rent the place to him for another year. He further told Smith that he would furnish him wheat to plant part of the farm

in wheat, and that, if the place was sold, he would pay Smith for his interest in the wheat, or make some other satisfactory arrangement about it. Smith planted the wheat, and afterwards McElvaney sold the place, and notified Smith to leave, which he refused to do. He was put out by an officer under writ sued out in this action, but was permitted to retain his interest in the wheat crop, and afterwards sold it.

On his side Smith introduced evidence tending to show that he rented the farm for the year 1900, and then planted his wheat; that when McElvaney sold the place Smith offered to surrender possession, provided McElvaney should pay him $50, and allow him to retain his part of the wheat, which McElvaney refused to do.

The other facts sufficiently appear from the opinion.

There was a verdict in favor of the defendant, and damages assessed at $34, and judgment accordingly. Plaintiff appealed.

*Frierson & Frierson,* for appellant.

The court erred in giving instructions Nos. 2 and 3, and in refusing that asked by appellant and numbered "A." 1 Suth. Dam. § § 13, 15, 16, 45; 7 Cyc. 25. Also in giving No. 4. 9 Enc. Pl. & Pr. 63; Kirby's Dig. § 6137; 19 Pac. 281; 1 L. R. A. 242; 8 Minn. 536; 43 Atl. 434; 55 N. W. 603; 31 Ark. 357; 41 Ark. 17; 30 Ark. 362. Also in giving instruction No. 5. 193 Pa. St. 541, s. c. 44 Atl. 565. A new trial should have been granted for newly discovered evidence. Kirby's Dig., § 6219; 66 Ark. 612; 16 Ia. 121; 69 N. W. 77.

*Eugene Parrish,* for appellee.

RIDDICK, J. This is an appeal from judgment against plaintiff in an action of unlawful detainer brought by him against the defendant.

On the trial the presiding judge instructed the jury, in substance, that, unless a written notice to vacate was given to defendant three days before the execution of the writ of possession evicting him from the premises, the eviction was unlawful, and that, unless such notice was proved, the finding must be for the defendant. The counsel for plaintiff duly excepted to this instruction, and now contend that the judge erred in giving it, for the reason

that it was alleged in the complaint that notice was given, and there was no denial in the answer. But it does not appear that the attention of the trial judge was ever called to the fact that the answer did not raise the issue of whether there was notice or not. The testimony for the plaintiff tended to show that written notice to vacate was given, while the defendant testified to the contrary. No objection was made to this testimony, and the trial judge was no doubt led to believe that the parties regarded the question of notice as an issue in the case, and therefore gave an instruction in regard to it. Only a general objection was made to this instruction. It is too late now to put in the special objection that no such issue was raised, and the answer must be treated as amended so as to conform to the proof. *Nicklace* v. *Dickerson,* 65 Ark. 422.

The court also told the jury in his instruction that the plaintiff "claimed that the land was rented to Smith for the year 1900, but that the contract was conditional," and that if that was so he must show a compliance with the conditions. But the record shows that plaintiff did not claim to have rented the land to Smith for the year 1900. He positively denied that he had rented Smith the land for that year. He testified that he only agreed to rent it in the event that he did not sell it, which he was trying to do. As he did sell the land, the contingency on which, according to his testimony, he agreed to rent it, did not happen, and according to plaintiff's statement he did not rent it. This instruction of the court touched the pivotal point in the case; and, as it misrepresented the contention of the plaintiff on that point, and was contrary to his testimony, it was misleading and prejudicial. We think the court erred in giving it over the objection of plaintiff.

The only other point necessary to notice relates to the measure of damages. When a landlord unlawfully evicts a tenant from the premises, the tenant is entitled to recover as damages whatever loss results to him as a direct and natural consequence of the wrongful act of the landlord. If the rental value of the place from which he is evicted is greater than the price he agreed to pay, he may recover this excess and, in addition thereto, any other loss directly caused by the eviction, such as the expense of removal to another place. *Grosvenor Hotel Co.* v. *Hamilton,*

(1894) 2 Queen's Bench Div. 836; *Snow* v. *Pulitzer,* 142 N. Y. 263; Sutherland on Damages (2 Ed.), § 865.

But counsel contend that this expense is limited to one removal, and that if, after the tenant is settled on another place, he takes a notion to make a second move, he cannot recover for the expense of the second removal. This, in the absence of special circumstances, is no doubt true. But a tenant evicted in January, as this one was, may be compelled to seek a temporary abode for his family to shelter them until he can find a suitable farm to rent. When he is compelled by the eviction to seek first a temporary shelter and then to make another removal, we are not able to say, as a matter of law, that he can not recover the entire cost, for these two moves might be so closely connected as to be in effect one, and directly caused by the eviction.

The evidence does not show how long defendant remained at the Pardew place before the second removal, but it leaves the impression that this was only a temporary stopping place. The language of the instruction of the court on the measure of damages, by which the jury were told that in assessing the damages they might "take into consideration the rental value of the land, the trouble and expense of removing, expense of renting a house rendered necessary by such removal, and all other damages flowing from the dispossession," is to a certain extent objectionable, for it appears to assume that the renting of the Pardew house was made necessary by the eviction. But the court no doubt intended to leave to the jury the question of whether the renting of this house was made necessary by removal, and the defect in the instruction, being one of form only, should have been raised by a special objection.

Another objection to this instruction is that it tells the jury that they may consider the rental value of the land. But, as there is nothing to show that the rental value of the land from which defendant was evicted was greater than the amount he had agreed to pay for it, there was no room for any damages in that respect, and the jury should have been so told.

On the whole case, we are of the opinion that for the reasons stated the judgment should be reversed, and the cause remanded for a new trial. It is so ordered.