LACY *v.* LONDON.

Opinion delivered February 8, 1909.

. BOND—CONSTRUCTION.—Where, upon application of the plaintiffs in a suit
to foreclose a mortgage of land, a receiver was appointed to take
charge of the land, but was discharged upon the defendant entering
into a bond obligating him to pay the plaintiffs "the amount that
may be adjudged to be due them by defendant in this action if on
final trial hereof judgment be rendered in their favor," the sureties
on the bond were liable only for whatever amount might be adjudged
to be due on the mortgage debt, but not for an amount adjudged
against the defendant upon another cause of action subsequently filed
by plaintiffs in the same suit.

Appeal from Desha Chancery Court; *Zachariah T. Wood,*
Chancellor; affirmed.

*F. M. Rogers,* for appellants.

*Appellees, pro se.*

McCulloch, C. J. The plaintiffs, Lacy Bros. & Kimball
and J. G. Morton, instituted this action in the chancery court of
Desha County against Kelly London to foreclose a mortgage ex-
ecuted to Lacy Bros. & Kimball by the latter on certain land to
secure payment of a promissory note which they subsequently as-
signed to Morton. They alleged in this complaint that there was
an unpaid balance of $363.31 on the note, for which they prayed
a decree of foreclosure. On the application of plaintiffs made to
the chancellor at chambers, a receiver was appointed to take
charge of the land, but on a later day the chancellor made a fur-
ther order discharging the receiver on condition that the defend-
ant enter into bond to be approved by the clerk to the effect that
he would pay the amount that should be adjudged to be due
plaintiff in the action. Pursuant to this order the defendant ex-
ecuted a bond, with security in the following form: "We un-
dertake and are bound to the plaintiffs, Lacy Bros. & Kimball
and J. G. Morton, that we will pay to said plaintiffs the amount
that may be adjudged to be due them by defendant in this action
if on final trial hereof judgment be rendered in their favor."

On the same day on which he filed the bond, the defendant
filed his answer and counterclaim, alleging an indebtedness of

plaintiff Morton to him for breach of contract concerning the renting of certain land.

Plaintiff Morton filed a reply to the counterclaim, denying that he was indebted to the defendant, and alleging further that the defendant was indebted to him in the sum of $1636.10 for rent of land and for supplies furnished.

After the proof was taken in the case the defendant withdrew his counterclaim, and the court rendered a decree against the defendant and the surety on his said bond for the amount found to be due on the mortgage debt. The court further found that defendant was indebted to plaintiff Morton on open account in the sum of $845.24, and rendered a decree against him, but refused to render decree against the surety for it. The plaintiffs appealed, and contend here that the bond covered the full amount which the court found to be due, and that a decree against the surety should have been rendered.

We think the ruling of the chancellor was correct. If it be conceded that a summary decree could be rendered on the bond at all, not being a bond authorized by statute, it was given in discharge of the receivership, and had reference only to the indebtedness involved in that proceeding. It is not contended that the additional indebtedness on open account constituted a lien on the land held by the receiver. This was not involved in the litigation, so far as concerned the lien on the land, and was not introduced with the litigation until after the bond had been executed. Even then it was not brought in as an amendment to the complaint, but was separately stated as a separate and distinct cause of action.

It is clear to us that the surety on the bond did not become liable for any indebtedness except that set forth in the original complaint asserting a lien on the land in the hands of the receiver, and that the decision of the chancery court was correct.

Affirmed.