TURNER *v.* VAUGHAN.

Opinion delivered March 20, 1922.

1. APPEAL AND ERROR—DISMISSAL OF ACTION—PRESUMPTION.—Where an order dismissing an action fails to specify on whose motion it was entered, merely reciting that it was at plaintiff's cost, it is presumed to be a voluntary dismissal on plaintiff's motion.

2.  FORCIBLE ENTRY AND DETAINER—RIGHT TO RECOVER DAMAGES.—
    The right of the defendant in unlawful detainer to recover damages upon a breach of the plaintiff's bond does not involve an inquiry into the title and right to possession of realty, but is a mere chose in action, which upon defendant's death passed to his administratrix.

3   FORCIBLE ENTRY AND DETAINER—DISMISSAL—RECOVERY OF DAMAGES.—Where an action of unlawful detainer is dismissed before final judgment, there can be no assessment of damages in that action, and the defendant must resort to an independent action for the recovery of damages sustained by reason of the wrongful ouster and detention of his property.

4.  FORCIBLE ENTRY AND DETAINER—RIGHT OF ACTION ON BOND.—
    While it was error to dismiss an action of unlawful detainer without ordering restitution of the property, the failure of the court to make such order does not deprive the defendant of his right to recover damages in an independent action on plaintiff's bond.

5.  FORCIBLE ENTRY AND DETAINER—DAMAGES RECOVERABLE ON BOND.
    —Though Crawford & Moses' Dig., § 4843, provides that the bond of the plaintiff in actions of forcible entry and detainer shall be "in a sum at least double the value of two years' rent of the property," this language is a mere specification of the amount of the bond, and not a designation of the elements of damages recoverable on the bond.

6.  FORCIBLE ENTRY AND DETAINER—DAMAGES RECOVERABLE ON BOND.—
    A defendant in unlawful detainer who is wrongfully deprived of the possession of his property is entitled to recover on plaintiff's bond all damages which result from the wrongful taking or detention, not exceeding the amount of such bond.

7.  FORCIBLE ENTRY AND DETAINER—MITIGATION OF DAMAGES—IN-STRUCTION.—An instruction that the defendant in unlawful detainer was bound to exercise ordinary care to protect his personal property which was removed from the land by the sheriff under the writ, and that if either he or his family or servants failed to use ordinary care the plaintiff in that action and his sureties would not be liable, was properly modified by striking out all reference to defendant's family or servants, there being no evidence that defendant had constituted his wife or children his agents to protect his property.

8.  FORCIBLE ENTRY AND DETAINER—DAMAGES BY OUSTER—FIRE.—The plaintiff in unlawful detainer is liable on his bonds for such damages only as result as a direct and natural consequence of the wrongful detention, and is not liable for destruction by fire of a house on the premises where there is no causal connection between the wrongful detention of the premises and the fire which caused the injury.

Appeal from Sevier Circuit Court, *James S. Steel,* Judge; modified.

*E. K. Edwards* and *B. E. Isbell,* for appellants.

1. Title to real estate is involved, and damage thereto. The administratrix has no right to maintain the action. Only the heirs at law have that right. 46 Ark. 373; 70 *Id.* 402; 74 *Id.* 149; 33 *Id.* 665; 7 *Id.* 107. See also, 34 Ark. 391; 35 *Id.* 24; 115 *Id.* 572; 27 *Id.* 235.

2. The verdict is insufficient. It is not shown that Turner or his bondsmen were in any way responsible for the failure to prosecute the unlawful detainer suit to final judgment. When Vaughan put it out of the power of the obligors in the bond to perform its condition by his motion to transfer to equity, he was no longer entitled to recover for the breach of such condition. 60 N. Y. 233, 19 Am. Rep. 168; 1 Hill, L. (S. C.) 289; 26 Am. Dec. 180 and note; 18 *Id.* 451-452 and note.

3. Under the evidence, the court erred in modifying instruction 5 offered by the defendant by inserting the words "after the same came to his possession" and by striking out the words "his family or servants."

The court erred also in modifying instruction 6 requested by defendant. He should not be held to a greater degree of care than an ordinarily prudent man would exercise in the protection of his own house.

*Lake & Lake,* for appellees.

The administratrix is the proper person to sue. The cause of action was complete in the lifetime of Wes Vaughan, and his personal representative is the only person competent to sue. 15 Ark. 437; 16 *Id.* 671; 18 *Id.* 24; *Id.* 448; *Id.* 319; 21 *Id.* 173; 22 *Id.* 535; 24 *Id.* 116; 27 *Id.* 445; 31 *Id.* 616; 31 *Id.* 723; 32 *Id.* 91; 33 *Id.* 147; 41 *Id.* 314; 46 *Id.* 453; 83 *Id.* 495; 34 *Id.* 205; 25 *Id.* 7.

2. The judgment is supported by the evidence.

McCulloch, C. J. Appellee's intestate, Wes Vaughan, was in possession of a certain tract of farm land in Sevier County, holding under purchase from one Ru-

gan, when John Turner, one of the appellants, commenced an action of unlawful detainer against him in the circuit court of Sevier County to recover possession of said land, alleging that he (Turner) had purchased same from Rugan, and that Vaughan was a tenant of Rugan, holding over after demand had been made upon him for possession. Turner executed a bond with his co-appellants in this action as sureties in the form prescribed by statute in cases of that kind, and the sheriff served the writ by taking possession of the property and turning it over to Turner. Vaughan was absent at the time, his wife and children being at home, and the sheriff moved all the household effects from the house into the road. Vaughan did not return home until later, and he then moved his household effects to another place.

After possession of the premises was delivered to Turner by the sheriff, he put a tenant named Green in the house, and the house was totally destroyed by fire one night about a week after Green moved into it. Green was living in the house at the time of the fire, and lost substantially all of his household effects.

Vaughan filed his answer in the action, denying that he was in possession as tenant of Rugan and alleging that he held equitable title to the property under purchase from Rugan, and that Turner had notice of his rights when he procured a deed from Rugan. Vaughan alleged further in his answer that he had instituted an action in the chancery court against Rugan and Turner for the cancellation of the deed of Rugan to Turner and to compel Rugan to convey the land to him (Vaughan) according to the terms of their contract. Vaughan prayed in his answer that the cause be transferred to equity. Without the court ruling on the motion to transfer to equity, there was an order entered dismissing the action at the cost of appellant Turner.

The order did not contain any judgment of restitution of the property taken under the writ, nor did it specify upon whose motion the order of dismissal was

entered, but it must be presumed that it was entered on the motion of Turner, the plaintiff, for it is nothing more than a voluntary dismissal.

Possession of the premises was surrendered to Vaughan, and he died thereafter, and this action was instituted by his administratrix on the bond given by Turner in the unlawful detainer suit to recover damages on account of the wrongful taking and withholding of the premises under the writ during the pendency of that suit.

The elements of damages set forth in the complaint, upon which there was a recovery, were the rent of the premises for the year 1919 during which the premises were in possession of Turner's tenant, and for the value of the house which was destroyed while occupied by the tenant, and also for damages to personal property. The jury returned a special verdict finding the damages for the rent of the land to be $400, the value of the house burned to be $300, and injury to personal property $40.

The right of appellee as administratrix to sue is challenged on the ground that it involves an inquiry into the title and right of possession of realty. Such is not the character of the suit, for it is a suit upon the bond executed by Turner and his sureties in the former action against Vaughan. The right to recover damages which constituted a breach of the bond was a mere chose in action, which passed to the administratrix on the death of the person who was originally entitled to sue. *Ross v. Turner*, 7 Ark. 133.

It is next insisted that there is, according to the undisputed evidence, no right of action on the bond for the reason that the original action in which the bond was given was not prosecuted to final judgment. The statute provides that, before a writ of possession in an action of forcible entry or unlawful detainer shall be executed by an officer, the plaintiff "shall execute to the officer having the writ a bond with sufficient surety to be approved by such officer in a sum at least double the value of two years' rent of the property specified in the writ," the

condition of said bond to be that "the plaintiff will prosecute his suit to effect and without delay, and if the defendant recover judgment against him in the action he will restore the possession of the lands, tenements or other possessions in the complaint mentioned, if restitution thereof be adjudged, and will pay the defendant all such sums of money as may be recovered against him by said defendant in the action for any cause whatever." Crawford & Moses' Digest, §§ 4843-4.

It is provided in another section of the same statute that where the verdict in the action is for the defendant, "the court shall give judgment thereon with costs and for any damages that may be assessed in favor of the defendant, and shall also issue a writ of restitution," etc. Crawford & Moses' Digest, § 4854.

It has been decided by this court, under a statute not dissimilar in this respect from the present statute, that where an action of unlawful detainer is dismissed before final judgment there can be no assessment of damages in that action, and that the defendant must resort to an independent action for the recovery of damages sustained by reason of the wrongful ouster and detention of his property. *Strong* v. *Whatley,* 23 Ark. 76.

In the case just cited the order of dismissal awarded restitution of the property to the defendant, and in that respect it differs from the present case, but the principle of law announced, that an independent action must be resorted to for the recovery of damages, applies in the present case. The fact that no formal judgment of restitution was entered in the order of dismissal does not deprive the defendant in the action, or his personal representative, from resorting to an independent action to recover damages. The court should not dismiss an action of that kind without ordering restitution of the property, but the failure of the court to enter an order of restitution does not deprive the defendant of his right to recover damages. Restitution of the property was made, in fact, and that eliminates that question as a factor in the present litigation.

It is also insisted that there should be no recovery because the bond was to prosecute the case without delay, and it is not shown who caused the delay in the prosecution of the case. The answer to this contention is that the matter of delay in the prosecution of the case is not the basis of the present action, but it is the fact that the action ended otherwise than by a judgment for the plaintiff. Upon the happening of that event the defendant in the action was entitled to restitution, and the sureties on the bond became liable for all damages accruing to defendant during the period of detention.

Counsel for appellant construe the statute to mean, as we understand their argument, that only rents can be recovered for the reason that the statute limits the liability of the bond to "double the value of two years' rent of the property specified in the writ." This language of the statute is a mere specification of the amount of the bond, and not a designation of the elements of damages recoverable on the bond. A defendant who is wrongfully deprived of the possession of his property is entitled to recover all damages which result from the wrongful taking or detention, not exceeding the amount of the bond. *McElvaney* v. *Smith,* 76 Ark. 468.

Appellants requested the court to give an instruction stating the law to be that Vaughan was bound to exercise ordinary care and diligence to protect and preserve the personal property which was removed from the house by the sheriff under the writ, and that if either he or his family or servants failed to use said ordinary care appellants would not be liable for the damages which resulted from such failure. The court modified this instruction by striking out all reference to the family or servants of Vaughan and limited it in its application to the failure of Vaughan himself to exercise care and diligence to protect the property. The modification was, we think, correct. Vaughan was absent from home at the time the sheriff executed the writ, and did not return until after his property had been

moved out into the road. There is no evidence that he constituted his wife and his children as his agents to protect the property in such an emergency as this, and he is not responsible for their negligence, if any, in failing to protect it. He was only charged with the duty, where his property was wrongfully removed from his house, of exercising ordinary care to mitigate the damage by protecting the property as far as practicable.

There was evidence introduced tending to show that Vaughan burned the house himself while Green was living in it as a tenant of Turner, and that the destruction of the house occurred either by unavoidable accident or by the wilful act of Vaughan himself. Appellants asked the court to give an instruction to the effect that Turner and his tenants were only required to exercise ordinary care to protect the house, and that the verdict should be for appellants if the jury should find that Turner's tenant used ordinary care to protect the house and that the destruction of the house by fire was caused by the act of Vaughan. The court struck out the first part of the instruction, and gave the latter part only, which told the jury that if "the house was wilfully set on fire and burned by the intestate in his lifetime, the plaintiff cannot recover the value of the house." The verdict of the jury therefore only settled the question that the house was not burned by Vaughan himself, and this is the only fact which, if found by the jury, would, under the instruction of the court, have excused appellants from liability for the loss of the house.

We do not deem it necessary to discuss the form and substance of this instruction, for we are of the opinion that the undisputed evidence shows that the house was burned either from accidental causes or from the wilful act of some person other than Turner and his tenant, and, unless the mere destruction of the property while in possession of Turner made him and his sureties liable on the bond, there is no liability in this case. We turn, then, to the question as to what are the elements of liability for the destruction of property wrongfully detained.

We reserve for future determination the question whether or not, in an action for forcible entry or unlawful detainer or in an independent action on the restitution bond given in such an action, there can be a recovery for an injury to the freehold. In that form of action the title to the land is not involved (Crawford & Moses' Digest, § 4857), and it has been held under a similar statute that there can be no recovery for injury to the freehold in that kind of an action. *White* v. *Suttel*, 1 Swan (Tenn.) 169. We express no opinion on that question at the present time, but proceed to the discussion of the question whether or not there can be a recovery for an injury to the freehold where there is nothing more than an accidental injury to the property while being wrongfully detained. In testing the right of recovery, we should do so without regard to the particular form of the action, for, whatever the form of the action be, the party seeking damages can recover only for such damages as result "as a direct and natural consequence of the wrongful act." *McElvaney* v. *Smith, supra.*

We must assume, under the present state of the case, that Vaughan was the owner of the land, and that possession was wrongfully taken from him and wrongfully detained. But even so he is only entitled to recover such damages as proximately resulted from the wrongful act, and that is the test of his right to recover.

We find no authority for holding that mere wrongful occupancy of premises imposes liability for injury that may occur from any causes during the period of such occupancy. There must be some relation between the wrongful detention and the loss or injury which occurred during that period. Unless the loss occurs through some negligent or wilful act or omission of the wrong-doer, there is no causal connection between the wrongful act and the injuries to constitute one the proximate cause of the other. It has been held that in actions of ejectment for the wrongful detention of prop-

erty only such damages to the freehold itself are recoverable which amount to waste. *Norman* v. *Beekman*, (Fla.) 50 So. 876; 4 Sutherland on Damages, § 1034; 26 C. J. p. 862.

The judgment of the circuit court will therefore be modified by reversing and dismissing that part which awards recovery of damages for the destruction of the house. The judgment will stand for the other two items involved.