Cook *v.* Barber.

Opinion delivered March 28, 1932.

*Culbert L. Pearce,* for appellant.

*John E. Miller* and *C. E. Yingling,* for appellee.

McHaney, J. On March 23, 1931, appellant sued appellee in unlawful detainer, alleging that she was the owner and entitled to immediate possession of a certain house and lot in McRae, Arkansas; that appellee rightfully entered into the possession of said lot under an oral rental contract with her and her husband, but wrongfully refused to pay the rent or surrender possession, and that she is holding over without authority and with force; that due notice and demand in writing had been made for the possession thereof, which was refused; and that the rental value was $15 per month. She prayed judgment for $50 damages and $15 per month for rent from February 1, 1931. At the same time appellant filed bond to obtain immediate possession, which was approved, and writ of possession was issued and served. Appellee filed bond for a like sum to retain possession, with R. L. Ernest as surety, which was approved and accepted. Thereafter appellee filed an answer, denying all the material allegations of the complaint, but alleged in addition that she had rented the property from appellant and her

husband and had paid the rent in advance to June, 1931, at which time she had vacated the property. On July 24, 1931, appellant filed an amended complaint, in which she alleged, in addition to the matters set out in the original complaint, that she had left her household and kitchen furniture in the building rented by appellee for her use, and that, while the property was in her possession same was destroyed by fire. She prayed damages, in addition to the rent, in the sum of $375 for the personal property destroyed by fire.

On a trial the jury found in appellant's favor for the sum of $260 damages to the personal property and $40 for rent. No judgment was entered on the overruling of the motion for a new trial, but thereafter, on September 5, 1931, the court entered a judgment *nunc pro tunc* against appellee in the sum of $260 for damages to the personal property and $40 for rent, making a total of $300, but against her bondsman for the sum of $40 only, the amount of the judgment for rent, and refused to enter judgment against him for the $260 damages to the personal property. Appellant excepted to the refusal of the court to enter judgment against the bond in the sum of $260, and has appealed from that judgment.

Appellant filed no motion for a new trial, and there is no bill of exceptions in the record. The only question presented is the liability of Mr. Ernest as surety on appellee's bond to retain possession for the destruction of the personal property by fire while in her possession. Said bond is conditioned as provided by law as follows: "Now, if the said Opal F. Cook shall recover judgment for the possession of said property in said action, and the said Lynn Barber shall deliver possession thereof to said Opal F. Cook, and shall satisfy any judgment rendered against her therein, then this bond to be void; otherwise, to remain in full force and effect."

We think the court correctly construed the bond not to be bound for the payment of the judgment rendered in excess of the rent. While it provides that he "shall satisfy any judgment rendered against her therein," this

means that he shall satisfy any judgment covering the rental value of the property and any damages accruing to appellant by virtue of the unlawful possession. There would be no more reason for holding the bond liable for the destruction of the personal property than there would be for the destruction of the house. The statute, § 4847, Crawford & Moses' Digest, does not contemplate that the bond shall be liable for the destruction of the property by act of God or other cause not due to the negligence of the principal. Moreover, the bond was given long before the property was destroyed and was not in the contemplation of the parties. Compare *Lacy* v. *London*, 89 Ark. 250, 116 S. W. 207; *Brooks* v. *Buie*, 71 Ark. 44, 70 S. W. 464.

In *Turner* v. *Vaughan*, 152 Ark. 475, 238 S. W. 1059, we said: "We find no authority for holding that mere wrongful occupancy of premises infers liability for injury that may occur from any causes during the period of such occupancy. There must be some relation between the wrongful detention and the loss or injury which occurred during that period. Unless the loss occurs through some negligent or wilful act or omission of the wrong-doer, there is no causal connection between the wrongful act and the injuries to constitute one the proximate cause of the other. It has been held that in actions of ejectment for the wrongful detention of property only such damages to the freehold itself are recoverable which amount to waste."

So here there must be some relation between the wrongful detention and the damages appellant may recover therefor. No such relation is shown to exist in this case, and appellant was not entitled to recover against the bond for such damages. We do not mean to say that the judgment against appellee was proper, as she has not appealed, but appellant is in no position to complain because she obtained relief to which she might not be entitled.

We find no error, and the judgment is affirmed.