HEARD *v.* GRIFFIN.

4-3213

Opinion delivered November 27, 1933.

B. H. Heard, pro se, for appellant.
Longstreth & Longstreth, for appellee.

SMITH, J. Appellant brought unlawful detainer to recover possession of a farm from appellee, who was in possession of the land under an unexpired lease at the time appellant bought it. Appellee was evicted, and filed an answer asserting his right to the possession, and, in a cross-complaint, he prayed damages for his alleged wrongful eviction.

The principal issue in the case, except that of the damages, is presented in an instruction requested by appellant, which reads as follows: "No. 2. If you find from the evidence that the defendant had a rental contract for the rent of the land in question for the year 1932, and that, when plaintiff Heard learned that he claimed to have such a contract, he offered and proposed permitting him to proceed under such contract, and if you further find that defendant Griffin declined to accept such proposition and by word and acts led the plaintiff to believe that he did not desire to retain possession and remain on the land for the year 1932, and that, acting on such impression, plaintiff Heard rented said lands to another, you are instructed that defendant Griffin would be

estopped to set up his rental contract for the year 1932, if any, and you will find for the plaintiff.''

There was a conflict in the testimony touching the questions of fact referred to in the instruction, which have been settled by the verdict of the jury in appellee's favor, the testimony being sufficient to support the verdict.

The verdict of the jury in appellee's favor is conclusive of the issue of fact that the eviction was unauthorized. Damages were assessed by the jury in appellee's favor in the sum of $500, and judgment was rendered accordingly.

It is insisted that the instructions on the question of damages were erroneous, and that there was no testimony showing appellee had been damaged by his eviction.

We are of the opinion, however, that there was sufficient competent testimony to support the verdict of the jury. There was testimony that the rental value of the farm was much more than the amount of rent which appellee had agreed to pay. There was testimony also to the effect that appellee had sustained certain special damages, these consisting in the value of work which had been done by appellee to prepare the land for cultivation and the expenses of his removal from the farm. The testimony as to the difference between the rent reserved and the actual rental value, and that as to the special damages, was legally sufficient to support an even larger · judgment. The truth of this testimony was, of course, a question for the jury.

The instruction which submitted these issues reads as follows: ''No. 9. You are instructed that, if you find from the evidence that W. H. Griffin was caused to be wrongfully evicted in this case by the plaintiff, you will take into consideration as elements of damage the difference in the rental value of the property and the amount of rent which Griffin was to pay, the value of the work and improvements he had made up to the time of his eviction, the expense of moving for himself which you find from the evidence, if any, he has caused to suffer as a direct and natural consequence of the wrongful act of the plaintiff, if you find there was any wrongful act of plaintiff.''

There is no error in this instruction. *McElvaney* v. *Smith,* 76 Ark. 468, 88 S. W. 981.

As there appears to be no prejudicial error in the record, the judgment must be affirmed  It is so ordered.