## PERSON *v.* WILLIAMS.

### Opinion delivered July 10, 1916.

LEASES—REFUSAL TO DELIVER POSSESSION—MEASURE OF DAMAGES.—In an action by a lessee against a lessor for damages for refusal or failure to deliver possession of the demised premises, the measure of damages is the difference between the rent reserved and the value of the premises for the term.

Appeal from Miller Circuit Court; *G. R. Haynie* Judge; reversed.

### STATEMENT BY THE COURT.

Appellee brought this suit for damages for the rental value of certain farm lands which he was denied the right to cultivate during the year 1915. He rented different tracts of land for cultivation during 1914, on the Candler farm, in Miller County, at a stipulated price and certain new ground to be cleared by him, which he was to have rent free for two years.

The farm was sold early in 1914 to appellant and the testimony is sufficient to show that she had notice of the written lease for the new ground, or of such facts as should have put her on inquiry that would have disclosed the lease, which was not recorded.

She was to permit the tenants on the place for the year 1914 to continue the cultivation of the lands from her grantor and did so and did not, in fact know that appellee had a lease of any lands for another year.

On account of the overflow that year, appellee was not able to pay the rent agreed on for the old land and the contract was changed from "money rent" to "one-quarter of the crop produced."

There was testimony tending to show that appellee made a new contract with appellant's agent in 1914 for the old land, for 1915, but no testimony showing the price agreed to be paid for the rent thereof.

No crop was raised on the new ground in the year 1914 on account of the overflow and only some of it was plowed once. The rental value of such land was shown to be about one-half that of the old land, or $3 per acre.

The court instructed the jury, over appellant's objection, that if it found appellee was entitled to the possession of any of said lands for the year 1915, it would find for him a resonable rental for such year and refused appellant's requested instruction that the damages recoverable "are the reasonable rental value of the new ground in the condition it was in January, 1915, and the difference, if any has been proven, between the rental price and the reasonable market rental value of the houses and fifty acres of old land, for the year 1915"; also instruction No. 7, telling the jury that they could only find nominal damages for the refusal to allow appellee to cultivate the old land, if the testimony showed he made a contract therefor.

From the judgment on the verdict against her, appellant prosecutes this appeal.

*Henry Moore, Jr.,* for appellant.

1. It is admitted that actual, visible pedal possession of land is notice to the world of the interest of the possessor. 101 Ark. 169. Here defendant had no notice, actual or constructive, of plaintiff's claim to the new ground. 28 A. & E. Enc. L. p. 238.

2. Plaintiff was not misled or influenced by any act of defendant to his inury and there is no question of estoppel. 82 Ark. 371; 16 Cyc. "Estoppel," and note; 97 Ark. 49; 99 *Id.* 263.

3. The measure of damages is laid down by this court in 42 Ark. 261 and 75 *Id.* 590. Profits cannot be considered, 102 Ark. 113.

4. In view of the above authorities the court erred in giving and refusing instructions.

*Webber & Webber,* for appellee.

1. Appellant had actual and constructive notice of appellee's rights and claims. The evidence shows it. Wilson, her own agent told her and she knew that appellee was making repairs on the property including the new ground. 39 Cyc. 1756.

2. Review the instructions and contend there is no error as to the damages recoverable, nor otherwise. The

jury followed the court's charge; the verdict is right and is sustained by the evidence. Appellee had a written lease and was entitled to hold against a subsequent purchaser and the verdict is for the *minimum* amount shown by the testimony.

KIRBY, J. (after stating the facts). It is contended the court erred in the giving and refusing to give said instructions and the contention must be · sustained. In *Rose* v. *Wynn*, the court said:

"The books agree that in the action by a lessee against a lessor for damages for refusal or failure to deliver possession of the demised premises, the general rule for the measure of damages is the difference between the rent reserved and the value of the premises for the term. If the value of the premises for the term is no greater than the rent which the tenant has agreed to pay, then the latter is not substantially injured and can in general recover only nominal damages, though the landlord without just cause refused to give possession." *Rose* v. *Wynn*, 42 Ark. 261.

"The damages plaintiff was entitled to recover was the difference between the price he agreed to pay and the rental value." *Andrews* v. *Minter*, 75 Ark. 590.

This would not include probable profits of the lessee from the cultivation of the demised land. *Thomas* v. *Croom*, 102 Ark. 113. There was no testimony tending to show the price agreed to be paid as rent for the old lands for the year 1915, even if appellee had a contract for them for that year and said instruction given relative to the measure of damages was erroneous, since the suit was for damages for refusal to give possession of both the old and the new land.

A specific objection was made to said instruction, because it did not state correctly the rule as to damages for the old land and the court refused appellant's said instructions, stating the rule correctly.

There could be no recovery of damages for failure to give possession of the old lands for the year 1915, because there was no testimony showing any damages

resulted. It is undisputed..that the new ground was not worth as much as the old land for 'cultivation, the testimony showing the value thereof to be about one-half, or $3 per acre. No damages being shown to have resulted from the failure to deliver possession of the old lands, the verdict of the jury should not have been for more than the rental value of the new ground, 67 acres, for the year 1915, and if a remittitur is entered within fifteen days, reducing the judgment to that` amount, or $201, the judgment will be affirmed; otherwise, for the errors indicated, the judgment is reversed and the case remanded for a new trial.