REEVES *v*. ROMINES.

Opinion delivered March 11, 1918.

1. LEASE—BREACH OF COVENANT OF POSSESSION—DAMAGES.—For breach of an implied covenant for possession in a contract of lease, the measure of damages is the difference between the fair rental value of the demised premises, and the rental price named in the lease; and where the rental value is not proved, the lessee can recover only nominal damages. The lessee cannot recover even nominal damages where he fails to ask anything but special damages in his complaint.

2. LEASE—BREACH OF COVENANT OF POSSESSION—DAMAGES—RENTAL VALUE.—"Rental value" is not the probable profits that might accrue to the tenant, but the value, as ascertained by proof of what the premises would rent for, or by evidence of other facts from which the fair rental value may be determined. This rule applies whether the rent is to be paid in money, or where it is part of the crop.

3. LEASES—UNLAWFUL EVICTION—DAMAGES.—For an unlawful eviction a tenant is entitled to recover as damages whatever loss resulted to him as a direct and natural consequence of the landlord's wrongful act.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; affirmed. .

*Ellis & Jones,* for appellant.

1. It was error to sustain the demurrer. The second amended complaint stated the proper measure of damages. 42 Ark. 257; 75 *Id.* 589; 102 *Id.* 108; 110 *Id.* 504.

2. It is not necessary, on demurrer, to state or plead the measure of damages; 43 Ark. 257; 102 *Id.* 108; 206 N. Y. 89; 149 Ky. 65; 143 *Id.* 233.

*Lehman Kay,* for appellee.

1. The complaint is bad on demurrer because it does not allege such a damage as the law allows. 42 Ark. 257; 75 *Id.* 589; 102 *Id.* 108.

2. The court had no jurisdiction. 33 Ark. 633.

STATEMENT OF FACTS.

W. M. Reeves brought this suit in the circuit court against John Romines to recover damages for being unlawfully evicted from twenty acres of land which he had rented from Romines. The complaint alleges that on the 19th day of March, 1917, the defendant was the owner of twenty acres of cleared land which he rented to the plaintiff for the year 1917; that the plaintiff agreed to pay as rent one-third of the crops raised on the land; that the defendant represented to the plaintiff that he had the right and authority to rent him said lands for the year 1917; that at the time plaintiff could have rented

other lands upon which to have cultivated a crop, which fact was known to the defendant.

That immediately after renting the lands from the defendant the plaintiff entered upon the premises and began such work as clearing up the land and plowing it, etc., preparatory to planting and raising a crop on it.

That Cinda Esmonds and others instituted an action in the chancery court to enjoin the plaintiff from cultivating or attempting to cultivate the lands on the ground that prior to the 19th day of March, 1917, the defendant, Romines, had rented said land to them for the year 1917. That on the 4th day of April, 1917, the chancery court granted a temporary injunction in said case in accordance with the prayer of the complaint; that on the 2nd day of the regular April term of said chancery court the temporary injunction was made permanent.

The plaintiff states that immediately thereafter he tried to rent other lands in that neighborhood for the year 1917, but on account of the lateness of the season all the lands were rented. The last paragraph of the complaint is as follows:

"That in the premises rented from the defendant there are about twenty acres in cultivation and it was the understanding and agreement by and between this plaintiff and the defendant, John Romines, at the time of the above mentioned rental contract, that this plaintiff was to cultivate about ten acres in corn and about ten acres in cotton; that by reason of being unable to make his said crop for the year 1917, which would have been well and reasonably worth $600.00, to his part, which is less the cost and expense of production, this plaintiff has suffered damages in the sum of $600.00."

The prayer of the complaint was for $600.00. The court sustained a demurrer to the complaint and the plaintiff electing not to plead further, the court dismissed the complaint. The plaintiff has appealed.

HART, J., (after stating the facts). In the case of *Thomas* v. *Croom*, 102 Ark. 108, the court held, that the measure of damages for a breach of an implied covenant

for possession in a contract of lease is the difference be-
tween the fair rental value of the demised premises and
the rental price named in the lease; and that where the
rental value is not proved, the lessee can recover only
nominal damages. In the case of *McElvaney* v. *Smith,*
76 Ark. 468, the court held that for an unlawful eviction
a tenant is entitled to recover as damages whatever loss
resulted to him as a direct and natural consequence of
the landlord's wrongful act; and that if the rental value
of the place from which he is evicted is greater than the
price he agreed to pay, he may recover this excess, and
any special damages alleged and proved by him. This
case is also reported in 6 A. & E. Ann. Cas. 458, and there
is a case note citing decisions from numerous States sus-
taining the rule. By rental value is meant, not the prob-
able profits that might accrue to the tenant, but the value,
as ascertained by proof of what the premises would rent
for, or by evidence of other facts from which the fair
rental value may be determined. It is true in those cases
the rent agreed upon was money rent, but there can be
no difference in principle where the rent agreed upon was
part of the crop.

It is contended by counsel for appellant that even if
the rule just announced is the correct measure of dam-
ages, still the court erred in sustaining a demurrer to his
complaint; and in any event should have rendered judg-
ment in his favor for nominal damages. He cites the
case of *Thomas* v. *Croom, supra,* in support of his con-
tention. It is true that the entire damages, whatever
they may be, are to be recovered in one action and the
appellant would be right in his contention if he had not
asked for special damages only.

Paragraph six of his complaint which has been
copied in the statement of facts shows that the only dam-
ages he sought to recover in this action were the profits
that would have resulted to him from making a crop
under the terms of his rent contract had he been per-
mitted to do so. Having based his sole right to recover
on this account and having refused to plead further after

the demurrer was sustained to his complaint, he is not now in an attitude to complain that the court did not allow him nominal damages.

Therefore the court correctly sustained a demurrer to the complaint.

Affirmed.