ARKANSAS STATE HIGHWAY COMMISSION *v.* ADDY.

5-1677                                    318 S. W. 2d 595

Opinion delivered December 8, 1958.

W. R. Thrasher, Dowell Anders, Wendell Hall, Jr., W. B. Brady, for appellant.

C. M. Carden, for appellee.

SAM ROBINSON, Associate Justice. This is a proceeding for the condemnation of land for state highway purposes. A little over four and one-half acres was taken. There was a jury verdict for $20,000, and the Highway Commission has appealed.

In 1955 appellees bought a tract consisting of nine and one-half acres on the southwest corner of the intersection of Highway 67-70 and the Saline County road known as "Alcoa Plant Road." Appellees constructed on the property what is known as a speed bowl for the racing of stock cars and operated such track during the years 1956 and 1957. On appeal appellant contends that the trial court erred in admitting evidence of the profits derived from the operation of the speed bowl to prove the value of the land taken, and the damages to the remainder. Appellee Charles E. Addy was allowed to testify, over the objection of the appellant, that he made a net profit of $4,927.69 in 1956 from the operation of the track, and that in 1957 he made a net profit of $6-775.01. Other witnesses who testified as experts on the value of the property and the damages, stated that they considered the profit derived from the operation of the track in reaching the appraised value given in their testimony.

This case is controlled by the recent case of *Hot Spring County, Arkansas* v. *Crawford*, 229 Ark. 518, 316 S. W. 2d 834. There it was held that net profits from a business operated on the land cannot be considered as a factor in assessing damages for the taking or damaging of land. Many authorities are cited in the *Hot Spring* case, including *Desha* v. *Independence County Bridge Dist.*, 176 Ark. 253, 3 S. W. 2d 969. There it was held that the trial court erred in permitting evidence to be introduced showing the profits from the operation of a ferry. Appellees cite *Arkansas State Highway Comm.* v. *Dupree*, 228 Ark. 1032, 311 S. W. 2d 792, as sustaining their contention that the evidence of profits is admissible; but that case involved farm land and profits from the farming operation. This is an exception to the gen-

eral rule. See 7 A. L. R. 163, Ann.; 1 Orgel on Valuation under Eminent Domain, § 167; 16 A. L. R. 2d 1113, Ann., 5 Nichols on Eminent Domain, p. 225.

For error in admitting evidence of profits from the business operated on the land, the judgment is reversed and the cause remanded for new trial.