ARK. STATE HIGHWAY COMM. *v.* McHANEY.

5-2587                                      354 S. W. 2d 738

Opinion delivered March 12, 1962.

*Dowell Anders* and *Thomas B. Keys,* for appellant.

*Melvin E. Mayfield,* for appellees McHaney & wife; *J. S. Brooks,* for appellee Ezelle.

SAM ROBINSON, Associate Justice.   The issue here is whether the lessee of property, sold to the Highway Department by the fee owner, is entitled to damages by reason of being dispossessed.

In connection with its highway building program, on September 10, 1959, the Arkansas State Highway Commission purchased from W. R. McHaney, property on which was located a filling station. It was agreed that McHaney was to remove the filling station equipment from the property 60 days after he received payment. On June 14, 1960, McHaney had not removed the equipment and on that date the Highway Commission filed this suit asking that a Mandatory Injunction be issued requiring McHaney to remove the equipment from the property purchased by the Highway Department in September, 1959 and praying judgment for rent on the property at the rate of $500.00 per month from September 21, 1959.

S. J. Ezelle filed an intervention in which he alleged that he was a sub-lessee in possession of the property in question under the terms of a lease agreement between McHaney and C. E. Clawson, dated September 1, 1955; that the lease had been assigned to the intervenor by Clawson on April 1, 1959 with the approval of McHaney, the lessor; that the intervenor paid $3,500.00 for the lease which would expire September 1, 1960 but was subject to renewal for an additional five years at the option of the sub-lessee; that the sub-lessee had valuable rights under the lease, and should be compensated by the Highway Department for the loss he sustained by reason of the taking of the property. Upon a trial of the issues involved, the Chancellor found for the intervenor in the

sum of $5,140.00. The Highway Department has appealed.

The Highway Department is not an innocent purchaser. Before buying from McHaney the Highway Department was informed of the Clawson lease. The issue is, therefore, the amount of damages sustained by Ezelle, the assignee of the lease, by reason of being dispossessed of the leased property. *Arkansas State Highway Commission* v. *Fox,* 230 Ark. 287, 322 S. W. 2d 81.

Ordinarily, the measure of damages in a case of this kind is the difference between the amount of rent reserved in the lease and the fair rental value of the property at the time of the taking. Orgel on Valuation Under Eminent Domain, Vol. 1, Sec. 121. In *Thomas* v. *Croom,* 102 Ark. 108, 143 S. W. 88, the Court said: ''The measure of damages for the breach of this implied covenant for possession is the difference between the rental value of the demised premises and the rental price named in the lease, together with such special damages as have necessarily resulted from such breach.'' The Court further said: ''The probable profits to a lessee from the cultivation of demised land is not the true measure of his damages resulting from the breach of a covenant for possession, and can not be considered in determining the amount of such damages.'' See also *Person* v. *Williams,* 125 Ark. 174, 187 S. W. 1063. To the same effect is *Reeves* v. *Romines,* 132 Ark. 599, 201 S. W. 822. There, in addition to pointing out that the measure of damages in an implied covenant for possession, the Court said: ''By rental value is meant not the probable profits that might accrue to the tenant, but the value, as ascertained by proof of what the premises would rent for or by evidence of other facts from which the fair rental value may be determined.'' Special damages are allowed only where such damages were contracted by the parties at the time they made the lease. *Morrison* v. *Weinstein,* 151 Ark. 255, 236 S. W. 585.

In the case at bar, the fair rental value of the property is shown by the evidence to be from $150.00 to

$175.00 per month, but no amount is mentioned in the lease that the lessee is to pay as rent. In fact, the so-called lease agreement does not provide for the payment of any amount as rent. The so-called lessee was merely selling gasoline for the lessor on a commission basis. Actually, Ezelle was being paid 3¢ per gallon for selling gasoline at McHaney's place of business. McHaney furnished the building, the gasoline, and paid the utilities. The appellee, Ezelle, testified: "Q: What rent do you pay Mr. McHaney? A: I operate on a commission basis." Mr. McHaney testified: "Q: How much rent is Mr. Ezelle paying you per month for these premises? A: He is not paying me any rent whatever, never has." For his services Ezelle was to be paid 3¢ per gallon for gasoline sold, but he had the privilege of selling other things such as motor oil and other articles on which he retained all the profits, if any. The profits of a business is not the proper criterion for the value of property or of a lease. *Hot Spring County* v. *Crawford*, 299 Ark. 518, 316 S. W. 2d 834, *Arkansas State Highway Commission* v. *Addy*, 229 Ark. 768, 318 S. W. 2d 595.

Ezelle paid to Clawson, the original lessee, $3,500.00, of which $3,000.00 was for the assignment of the lease and $500.00 was for stock in trade. At the time Clawson's rights were assigned to Ezelle the lease had 17 months to run of the original five-year term, and an additional five years if the option to renew was exercised, making a total of 77 months Ezelle could have the privilege of selling gas for McHaney at 3¢ per gallon. For this privilege Ezelle paid $3,000.00 or $38.96 per month. He actually used the property 14 months which, at $38.96 per month, would total $545.44. This sum deducted from the $3,000.00 paid by Ezelle leaves the sum of $2,454.56, and this is the amount of Ezelle's damages and the amount he is entitled to recover.

In view of the fact that the Highway Department had knowledge of Clawson's rights at the time of the purchase from McHaney and the additional fact that no

amount of rent is named in the lease, we do not think the Highway Department is entitled to recover any rent.

The decree is modified and Ezelle is awarded a judgment in the sum of $2,454.56 and, as modified, the judgment is affirmed.

BOHLINGER, J., not participating.