ARKANSAS STATE HIGHWAY COMMISSION
*v.* Myrtis B. POLK et al

5-5541                                              465 S. W. 2d 671

Opinion delivered April 5, 1971
[Rehearing denied May 10, 1971.]

*Thomas B. Keys* and *Kenneth R. Brock,* for appellant.

*David Soloman* and *Jimason J. Daggett,* for appellees.

CONLEY BYRD, Justice. Appellant Arkansas State Highway Commission by this appeal again argues that the sum of the various interests in the property merely make up the fair market value of the whole property and that the sum of the parts cannot exceed the value of the whole. We held contrary to appellant on this issue in *Arkansas State Highway Commission v. Fox,* 230 Ark. 287, 322 S. W. 2d 81 (1959). We find that the record here supports our former decision from which we refuse to recede.

Our Constitution Art. II § 22 provides:

"The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."

The record shows that Myrtis B. Polk and Carolyn Polk Holcomb owned 83 acres at the time the declaration of taking was filed on February 28, 1969, subject to an agricultural lease in favor of H. F. Lynn that would expire on December 31, 1971. The witnesses in appraising the landowners' interest in the land considered its highest and best use to be for rural residential purposes and gave its before and after value for that use. Mr. Lynn, the tenant, on the other hand arrived at his damages based upon an agricultural use. While he acknowledged that his lease covered the whole tract he stated without hesitation that he only messed with the 43 cultivated acres.

When we remember that the interests of both the landlord and lessee constitute private property and that each is entitled to compensation for the property taken for a public use, the invalidity of appellant's whole unit theory can readily be demonstrated. The price a willing buyer and a willing seller arrive at for residential development ordinarily contemplates an orderly development of the tract because there is usually a time difference or lag between the beginning and final development of an 83 acre tract. In arriving at the purchase price or the market price for that purpose, the use of

the premises for agricultural purposes is at most only incidental to the market price. See *Arkansas State Highway Commission* v. *Griffin,* 241 Ark. 1033, 411 S. W. 2d 495 (1957), where we held it was improper to value lands on behalf of the landowner both for commercial purposes and residential purposes. The highest and best use of the premises on behalf of the lessee, however, is for agricultural purposes but since his lease may or may not affect the market price of the landowner, it follows that if both the landowner and the lessee are to receive just compensation the private property of each must be valued on the basis of each respective ownership even though it may amount to more than the landowner could recover in the absence of a lease. For instance in the present case part of the lessee's damages was amortization of lime applied, an item that would have no practical effect upon the value of the lands for residential purposes.

Appellant in pursuit of its whole unit rule objective, offered its instruction No. 5 defining just compensation in terms of all of the defendants. The trial court modified the instruction by adding the italicized word "Landowners." As given the instruction read:

> "Just compensation to the Defendant *Landowners* in this case is the difference in the fair market value of the land immediately before the taking on February 28, 1969, and the fair market value of the land immediately after the taking; assuming that the highway is completed and permanently in place.

> "The term 'fair market value,' as used in these instructions, means the price the land would bring on the market in a transaction between a buyer and seller with knowledge of all the uses and purposes to which the land is adopted after they have had a reasonable time for negotiations, and the seller was willing but not forced to sell, and the buyer was willing, but not forced to buy."

The objection at the trial was that the instruction allowed an overlap or double payment where a lease was

involved. Appellant now argues that the instruction was erroneous because it did not require the jury, when assessing the landowners' damages, to take into consideration that the property was encumbered by a lease. We find no merit in this contention for either of two reasons: (1) it is raised for the first time on appeal and (2) the burden was on appellant to request an instruction on that issue if it desired that it be submitted to the jury.

Instruction No. 7 given by the court defined the damages which the lessee Mr. Lynn would be entitled to recover. The objection at that time, besides the whole unit rule, was that it was not supported by the evidence. On appeal the argument is that the instruction does correctly state the measure of damages for a leasehold interest in a partial taking. We do not consider the argument now made since it is raised for the first time on appeal. Not having presented the issue now argued to us to the trial court, appellant is not now in a position to claim that the trial court committed error.

Affirmed.