ARKANSAS STATE HIGHWAY COMMISSION
*v.* Myrtle BARNES et al

77-399                                        566 S.W. 2d 148

Opinion delivered May 30, 1978
(Division II)

*Thomas B. Keys* and *Regina Whitaker Laidler,* for appellant.

*Brown, Compton & Prewett, Ltd.,* for appellees.

DARRELL HICKMAN, Justice. The Arkansas State Highway Commission filed a condemnation lawsuit in the Ouachita County Circuit Court to condemn 15.67 acres of land in fee and .66 acre for a temporary easement, all owned by the heirs of Paul Barnes, deceased. The jury returned a verdict in favor of the Barnes heirs for $23,500.00.

The commission alleges two errors on appeal: the trial court erred in permitting a witness to use the value of a lease in determining the before value of the land when comparable sales were available; and, the trial court erred in not striking the value testimony of the landowner, Gerald Barnes.

We affirm the judgment of the trial court.

The appellant raises for the first time the question of whether it is proper for an expert witness to consider the lease value of property when comparable sales are available to use as a basis for value. We have held that it is proper to determine the value of land by using a capitalization formula based on a lease. See, *Housing Authority* v. *Rochelle,* 249 Ark. 524, 459 S.W. 2d 794 (1970).

Here the landowners' expert witness testified that he based the before valuation of one condemned tract on land rental he knew of in the area. Taking the amount of rental income,he estimated a land value by capitalizing the rental income. He also considered comparable sales.

We have not had the question before us as to whether it is proper to use both methods in determining the value of property as was done in this case. Appellant cites a precedent from another jurisdiction where it was held that a lease could not be considered in determining value when comparable sales are available. See *Lataille* v. *Housing Authority*, 280 A. 2d 98 (R.I. 1971). We decline to adopt this view. We feel that the purpose of testimony as to value is to present evidence to a jury so a landowner may be fairly compensated for his loss. Either party, the state or a landowner, should be able to present credible and relevant evidence to determine value.

One of the landowners, Gerald Barnes, gave his opinion as to the value of the property before and after the taking. On cross examination Barnes testified that he considered comparable sales of nearby property. Barnes testified that he gained most of his personal knowledge of comparable sales as a result of talking to the experts. However, Barnes knew personally that one of the sales was from his father, Paul Barnes, for part of the land in question. The appellant moved to strike *all* of Barnes' testimony as to value because Barnes did not have a basis for his opinion. We have held many times that a landowner may give his opinion of the value of his land provided there is a proper basis. A landowner's opinion does not have to be solely based on comparable sales but may include the fact that he is familiar with the land. In this case it was undisputed that Barnes had been born on the land, helped to farm it, lived on it, and was thoroughly familiar with it. Also, he did know about at least one of the sales from personal knowledge. The motion of the appellant to strike all of his testimony as to value was therefore properly overruled. *Arkansas State Highway Commission* v. *Person*, 258 Ark. 379, 525 S.W. 2d 77 (1975).

Affirmed.

We agree: HARRIS, C.J. and BYRD and HOWARD, JJ.