ARKANSAS STATE HIGHWAY COMMISSION *v.*
LONE STAR COMPANY, INC. and CARR
UNIVERSITY GROCERY

CA 81-197                                    628 S.W. 2d 23

Court of Appeals of Arkansas
Opinion delivered February 17, 1982

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Frierson, Walker, Snellgrove & Laser,* by: *G. D. Walker,* for appellee Lone Star Company.

*Bill D. Etter,* for appellee Carr University Grocery.

DONALD L. CORBIN, Judge. This is an appeal from an eminent domain proceeding. Lone Star, Inc. and Carr University Grocery were lessees in property from which appellant acquired a highway right-of-way. Carr University Grocery leased the property from the fee holder on which was located a grocery store and gas pumps. Mr. Carr operated the grocery store and sublet the gas pumps to Lone Star, Inc. Appellant settled with the owner of the fee, but trial was held as to the leaseholders. The jury awarded $8,000.00 in damages to Lone Star, Inc. and $6,000.00 in damages to Carr University Grocery. We affirm the judgment as to Carr University Grocery and reverse and remand for a new trial as to Lone Star, Inc.

Appellant's point for reversal is that the trial court erred in permitting testimony regarding profits from the leasehold interest for the jury to consider in awarding just compensation for the taking of a leasehold.

We affirm the judgment as to Carr University Grocery because appellant did not object to Mr. Carr's testimony regarding his damages. It is well settled in this state that objections to testimony may not be raised for the first time on appeal. *Blount* v. *McCurdy,* 267 Ark. 989, 593 S.W .2d 468 (1980).

However, we agree with the appellant that the judgment as to Lone Star, Inc., must be reversed. Chris Houston, Manager of Lone Star, Inc., was testifying when the appellant objected as follows:

Q. How were the sales reported out there?

A. The pump meters were read once a week. The pump meters also computed the dollars and cents of sales. They were read weekly.

Q. And did you receive written reports of that?

A. Yes. I have the records on that.

Q. Do you have those with you?

A. Yes, I do.

Q. Have you made a summary of those written reports?

A. I sure have.

Q. Do you have that summary?

A. Yes, sir.

Mr. Gowen:

I object to the proposed testimony of this witness concerning the profits per month of the gallons sold and the profits per gallon of the gallons sold.

Mr. Walker

To clarify that, you are not objecting to my failure to offer the certificates which I have here?

Mr. Gowen:

No. I am objecting to his testimony.

The Court:

Let the record show that objections such as this are raised in pre-trial conferences in my court, and this

comes too late, and I am going to allow the parties to proceed.

Appellant also objected to a summary of transactions prepared by Mr. Houston for the period covering June 1, 1979, through May 1, 1980, which the court admitted.

Appellee, Lone Star, Inc., argues that the appellant's point is moot since the trial court overruled the objection because it was not raised in pre-trial conference. We disagree. Appellant made a timely and specific objection to the profit testimony as required by Rule 103 of the Arkansas Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979). We have no indication from the record that appellant should have anticipated the testimony to which he objected. We express no opinion as to whether, under certain circumstances, we might uphold the court's ruling as to timeliness; but under the particular facts of this case, we believe the appellant made a timely objection. Additionally, we believe appellant sufficiently abstracted the portions of the record which are pertinent to this appeal as required by the rules of this Court.

Appellee, Lone Star, Inc., presents the argument that profit testimony is admissible when determining the value of a leasehold which is condemned. It is asserted by appellee that "capitalization of income" is a recognized method of arriving at the fair market value of real estate used to produce rental income. The appellee relies on the cases of *Housing Authority of Little Rock* v. *Rochelle,* 249 Ark. 524, 459 S.W. 2d 794 (1970); *North Little Rock Urban Renewal* v. *Van Bibber,* 252 Ark. 1248, 483 S.W. 2d 223 (1972) and *Arkansas State Highway Comm.* v. *Barnes,* 263 Ark. 567, 566 S.W. 2d 148 (1978) in support of this method. However, in *North Little Rock Urban Renewal* v. *Van Bibber, supra,* the Supreme Court stated the following:

> In *Rochelle, supra,* . . . we strongly implied that this method (capitalization of income) is acceptable when the income of the property consisted *only of rent.* (Emphasis ours.)

The testimony presented in the present case related to profits and loss of profits from a business conducted on the property, not testimony about rental income from the property. This distinction was also noted in an Arkansas Law Review article.

> [T]he rule seems to be well established that rentals, as such, may be capitalized to determine value, while profits, as such, may not. If the income in question is clearly rent, it may be used, and there is no problem; if the income in question is clearly business profit, it may not be used, and there is no problem. Winner, *Rules of Evidence in Eminent Domain Cases,* 13 Ark. L. Rev. 10, 18-19 (1959).

In *Arkansas State Highway Comm.* v. *McHaney,* 234 Ark. 817, 354 S.W. 2d 738 (1962), the Supreme Court held that when a lessee is dispossessed because the property has been taken in condemnation proceedings, the measure of his damages ordinarily is the difference between the amount of rent reserved in the lease and the fair rental value of the property at the time of the taking. Further, the Supreme Court in *McHaney, supra,* quoting from *Reeves* v. *Romine,* 132 Ark. 599, 201 S.W. 822, defined rental value:

> By rental value is meant not the probable profits that might accrue to the tenant, but the value, as ascertained by proof of what the premises would rent for or by evidence of other facts from which the fair rental value may be determined.

In another case, *Arkansas State Highway Comm.* v. *Addy,* 229 Ark. 768, 318 S.W. 2d 595, the Supreme Court followed its holding in *Hot Spring County, Arkansas* v. *Crawford,* 229 Ark. 518, 316 S.W. 2d 834 where "it was held that net profits from a business operated on the land cannot be considered as a factor in assessing damages for the taking or damaging of land." See also *Arkansas State Highway Comm.* v. *Wilmans,* 236 Ark. 945, 370 S.W. 2d 802 (1963).

Affirmed in part, reversed in part.