LAMAR ADVANTAGE HOLDING CO., INC. *v.*
ARKANSAS STATE HIGHWAY COMMISSION

06-961                                                    253 S.W.3d 914

Supreme Court of Arkansas
Opinion delivered March 22, 2007

*Quattlebaum, Grooms, Tull & Burrow, PLLC*, by: *Michael N. Shannon, Jennifer L. Wethington*, and *Joseph R. Falasco*, for appellant.

*Robert L. Wilson*, Chief Counsel, Ark. Highway & Transportation Dep't, and *David E. Dawson*, staff attorney, for appellee.

Jim Gunter, Justice. Appellant, Lamar Advantage Holding Co., Inc. ("Lamar"), appeals the Saline County Circuit Court's ruling granting summary judgment in favor of the Arkansas State Highway Commission ("ASHC"). We reverse the circuit court's order granting summary judgment and remand for trial.

Lamar is in the outdoor advertising business. On May 1, 2000, Lamar, through a predecessor, leased a small piece of land next to Interstate 30 in Alexander, Saline County, Arkansas, for a ten-year term with a ten-year option to renew. Lamar erected a billboard structure, with four illuminated faces supported on a steel monopole, on the property. Lamar subsequently rented advertising space on the billboards to third parties.

On May 10, 2002, ASHC bought the land from the owner and condemned Lamar's leasehold interest in the property so that ASHC could construct and maintain highway facilities in Saline County. ASHC estimated just compensation for Lamar's property interest to be $23,950.00. ASHC filed suit on May 9, 2002, in Saline County Circuit Court, asking that Lamar's leasehold interest be extinguished; just compensation for the taking of the leasehold interest and the removal and relocation of the sign be awarded to the parties entitled thereto; and for other lawful and proper relief. ASHC also filed a declaration of taking on May 9, 2002, stating that Lamar's leasehold was condemned and taken under the power of eminent domain and the police power pursuant to Act 419 of 1953, codified as Ark. Code Ann. §§ 27-67-301 to 27-67-321 (Repl. 1994). On May 10, 2002, the Saline County Circuit Court granted ASHC's Motion for Immediate Possession.

Lamar engaged Dr. Rodolfo J. Aguilar, a Certified General Appraiser, to value its leasehold interest. Dr. Aguilar estimated the just compensation to Lamar on three different approaches: the cost approach, the income approach, and the sales-comparison approach. Dr. Aguilar testified that his estimate of the market value for Lamar's property as of May 10, 2002, was $69,200 under the cost approach; $115,200 under the income approach; and $115,200 under the sales-comparison approach.

On May 3, 2005, ASHC filed a motion *in limine* asking the court to exclude the testimony and evidence concerning Lamar's "business profits from their advertising business, for the purpose of determining just compensation for the taking of their lease." The circuit court granted ASHC's motion in limine. Dr. Aguilar then recalculated his estimate of just compensation and prepared a revised report that eliminated the income approach. He computed the average sale price of billboards in the market per square foot of display area based on recent sales. He then multiplied the average price per square foot of display area by the total square footage of the display area on Lamar's billboards to arrive at an estimate of $130,600.

ASHC requested a telephone conference that was held immediately prior to trial where ASHC argued that Dr. Aguilar's entire revised report and any testimony relating thereto should be excluded because, pursuant to *Arkansas State Highway Commission v. McHaney*, 234 Ark. 817, 354 S.W.2d 738 (1962), the sole measure of damages available to a leaseholder is the difference between the amount of rent reserved in the lease and the fair rental value of the property (the "lease bonus rule"). The circuit court agreed with ASHC, and ASHC filed a Motion to Exclude Evidence and Motion for Summary Judgment.

The circuit court ruled:

> After full consideration of the evidence and arguments of the parties, the Court concludes as a matter of law that Dr. Aguilar's opinions of just compensation based on the cost approach, income approach, and sales comparison approach are inadmissible because those approaches cannot be used to value a leasehold interest under *McHaney*. In addition, the Court finds that Lamar's proffered valuation evidence under the income approach impermissibly considers Lamar's lost business income or profits as a result of the taking.

The circuit court found that, because Dr. Aguilar's appraisals failed to calculate the fair market value of Lamar's leasehold under the lease

bonus rule, his appraisals were inadmissible, and ASHC's motion to exclude evidence was granted. The court ruled that, because Lamar's expert testimony regarding value was excluded, Lamar had no admissible evidence of just compensation higher than the amount deposited by ASHC. The court granted ASHC's motion for summary judgment, entering a final judgment in favor of Lamar in the amount of $23,950. Lamar now brings this appeal.

Summary judgment is to be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Nash v. Hendricks*, 369 Ark. 60, 250 S.W.3d 541 (2007). The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. *Id.* (citing *City of Barling v. Fort Chaffee Redevelopment Auth.*, 347 Ark. 105, 60 S.W.3d 443 (2001)). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* (citing *Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002)).

On appeal, Lamar argues that the circuit court erred in ruling that a leaseholder is not entitled to recover lost rental income as an element of just compensation. In response, ASHC argues that Lamar is deceptively labeling their income derived from the advertising business as "lost rental income," and that it is clear that the true nature of the income is actually "business income," and that business income cannot be used to compute just compensation.

The Arkansas Constitution provides that "[t]he right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor." Ark. Const. art. 2, § 22. In *McHaney, supra*, ASHC purchased property from the owner on which a filling station was located, and the issue was the amount of damages sustained by the sublessee in possession of the property. We held that the measure of damages was the difference between the amount of rent reserved in the lease and the fair rental value of the property at the time of the taking. *Id.* at 819, 354 S.W.2d at 739.

We have held that a lessee of condemned property is entitled to damages for the value of his leasehold interest separate and apart from the lessor's reversionary interest. *North Little Rock Urban Renewal Agency v. Van Bibber*, 252 Ark. 1248, 483 S.W.2d 223 (1972) (citing *Ark. State Highway Comm'n v. Polk*, 250 Ark. 377, 465 S.W.2d 671 (1972)). In evaluating loss of value to a leasehold

interest, the correct measure of damages is the amount by which the fair market value of the lease exceeds the agreed-upon rent. *Pearson v. Hendrickson*, 336 Ark. 12, 983 S.W.2d 419 (1999) (citing *Ark. State Highway Comm'n v. Humble*, 248 Ark. 685, 453 S.W.2d 408 (1970)). In that regard, we concluded that evidence of the value of leasehold improvements and lost rental income as a result of losing a subtenant may be considered in determining the value of the leasehold interest. *Id.*

We now turn to the distinction between "business income" and "rental income." In *McHaney*, we held that "rental value" did not mean probable profits that might accrue to the tenant, but the value, as ascertained by proof of what the premises would rent for, or by evidence of other facts from which the fair rental value may be determined. *Id.* at 819, 354 S.W.2d at 740. We also discussed this distinction in *Van Bibber, supra*, where we stated:

> [I]t seems proper to draw a distinction between income which represents the profits earned by a business conducted on the land in question (which would, of course, be attributable in many instances not only to the property itself but also to such other considerations as market conditions, the skill and knowledge of the proprietor of the business, etc.) and income which is attributable solely or primarily to the use of the property itself, such as rents.

*Id.* at 1254, 483 S.W.2d at 226 (citing *Hot Springs County v. Crawford*, 229 Ark. 518, 316 S.W.2d 834 (1958); 134 A.L.R. 1125). In *Van Bibber*, we also discussed *Housing Authority of the City of Little Rock v. Rochelle*, 249 Ark. 524, 459 S.W.2d 794, stating:

> Capitalization of income is a recognized method of arriving at the fair market value of real estate used to produce rental income, in determining just compensation in eminent domain cases. We have long held evidence of rental value to be admissible as a factor to be considered in determining just compensation. As to this point in the case at bar, we are dealing with the value of a lease rather than the before and after value of the property. In *Rochelle, supra*, in distinguishing that case from *Hot Spring County v. Crawford, supra*, we strongly implied that this method (capitalization of income) is acceptable when the income of the property consists only of rent.

*Van Bibber* at 1255, 483 S.W.2d at 226-27. With regard to the trial court's assessment of damages to the leasehold, the *Van Bibber* court approved the lower court's consideration of a percentage of gross sales made by the lessee on the property. Such a percentage of income from the business conducted by the lessee was used to determine the rental

value because this was the standard means of calculating rent for similar property in the area. *Van Bibber*, however, did not allow income from the business to be capitalized.

 Thus, it is clear from our case law that rental income can be used to compute just compensation while business income cannot. The results in both *McHaney* and *Van Bibber* as to the issue of whether income is "business" or "rental" were dependent on the specific facts of those cases. In the present case, the facts are not sufficiently developed for us to make a ruling as to whether the income Lamar seeks to recover is business income or rental income. We also note that the circuit judge made a finding of fact in the order granting summary judgment by saying "the Court finds that Lamar's proffered valuation evidence under the income approach impermissibly considered Lamar's lost business income or profits as a result of the taking." Because genuine issues of material fact exist, we hold that summary judgment was inappropriate. *See Nash, supra.* Therefore, we hold that the circuit court erred in granting summary judgment to ASHC on the issue of just compensation. Accordingly, we reverse and remand.

Reversed and remanded.