

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–146

| | |
|---|---|
| | **Opinion Delivered** October 23, 2013 |
| KENT AND VICKIE HARRIS d/b/a HARRIS SAW SHOP | APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. CV-2011-100] |
| APPELLANTS | |
| V. | HONORABLE KENNEY JOHNSON, JUDGE |
| BARBARA TEMPLE | |
| APPELLEE | REVERSED |

**RHONDA K. WOOD, Judge**

Kent and Vickie Harris (collectively "Harris") appeal from the circuit court's order granting a declaratory judgment in Barbara Temple's favor. The issue is whether a foreign judgment that Harris registered against Barbara's late husband James was finalized before he died. If so, then the judgment acts as a lien against James's, and now Barbara's, real property. If not, then Barbara owns the land free and clear of the judgment because she owned the property as a tenant by the entirety with James. We hold that the duly registered foreign judgment was final before James died and that the circuit court erred in ruling to the contrary. Accordingly, we reverse the order granting a declaratory judgment.



## I. *Facts*

In 2005, Harris obtained a default judgment against James Temple and J&S Forestry in Louisiana. Harris filed a petition to enforce that judgment in the Bradley County Circuit Court. The court registered the Louisiana judgment by an order file marked September 7, 2007. James Harold Temple filed a motion to set aside the default judgment in October 2007. He subsequently died in August 2008. In January 2009, James Kenneth Temple, his son, also filed a motion to set aside the default judgment. No action was taken on either motion until August 2010, when the circuit court denied them both.

This current action started when Barbara Temple filed a petition for declaratory judgment. Barbara said that in July 2008 her husband transferred real property he owned as an individual to the couple as tenants by the entirety. The result, she maintained, left her as sole owner upon James's death in August 2008. Further, she contended that the registered foreign judgment became final only after the court ruled on the motions to set aside the default judgment in August 2010. Accordingly, Barbara argued, the judgment is not effective as a lien on the real property she now owns outright.

The circuit court did not hold a hearing and ruled based on the pleadings. It granted Barbara's petition for declaratory judgment, reasoning that the judgment debtor's identity was not established until the court denied both motions to set aside the default judgment in 2010. As a result, the foreign judgment was not final and enforceable until 2010, and by then the property had transferred to Barbara in 2008 free of the lien.



## II.  *Standard of Review*

This case is a declaratory-judgment action. The circuit court disposed of the case upon Barbara's self-styled "motion." In its letter opinion, the circuit court stated that "this matter was submitted to the Court for a determination on the pleadings." Thus, it appears that the circuit court construed Barbara's motion as one for a judgment on the pleadings. *See* Ark. R. Civ. P. 12(c) (2013). However, the court considered matters outside of the pleadings, including an affidavit. Therefore, the motion is treated as one for summary judgment. *Id.*

Circuit courts shall only grant summary judgment when it is clear that there are no genuine issues of material fact and the party is entitled to judgment as a matter of law. *Danner v. MBNA Am. Bank, N.A.*, 369 Ark. 435, 255 S.W.3d 863 (2007). We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. *Lamar Advantage Holding Co. v. Ark. State Highway Comm'n*, 369 Ark. 295, 253 S.W.3d 914 (2007). As to issues of law presented, our review is de novo. *Hobbs v. Jones*, 2012 Ark. 293, __ S.W.3d __.

## III.  *Applicable Law*

The Uniform Enforcement of Foreign Judgments Act, codified at Ark. Code Ann. §§ 16-66-601 et seq. (Repl. 2005), provides a summary procedure in which a party in whose favor a judgment has been rendered may enforce that judgment promptly in any jurisdiction where the judgment debtor can be found. *May v. May*, 57 Ark. App. 215, 944

S.W.2d 550 (1997). The Act further provides that Arkansas courts will give any judgment of a court of the United States full faith and credit when the judgment is regular on its face and authenticated. Ark. Code Ann. §§ 16-66-601 to -602.

The primary purpose of the Act is to allow a party with a favorable judgment an opportunity to obtain prompt relief. *Nationwide Ins. Enter. v. Ibanez*, 368 Ark. 432, 246 S.W.3d 883 (2007). A party may file a copy of a foreign judgment in the office of the clerk of the court having jurisdiction over the matter. Ark. Code Ann. § 16-66-602. "At the time of the filing of the foreign judgment, the judgment creditor or his or her lawyer shall make and file with the clerk of court an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor." Ark. Code Ann. § 16-66-603(a) (Repl. 2005).

Once a decree or judgment is accepted as proper for registration, it becomes, in effect, an Arkansas judgment and will remain on the judgment books to be enforced by Arkansas in the future. *Wal-Mart Stores, Inc. v. D.A.N. Joint Venture III, L.P.*, 374 Ark. 489, 288 S.W.3d 627 (2008). A foreign judgment filed in accord with the uniform act "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner." Ark. Code Ann. § 16-66-602.

Finally, and relevant for this case, "[a] judgment in the Supreme Court or circuit courts of this state, and in the United States district courts or United States bankruptcy courts within this state, shall be a lien on the real estate owned by the defendant in the county in which the judgment was rendered from the date of its rendition." Ark. Code

Ann. § 16-65-117(a)(1)(A) (Repl. 2005). A judgment, decree, or order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book. Ark. Sup. Ct. Admin. Order No. 2(b)(1) (2013); *see also Middleton v. Lockhart*, 2012 Ark. 131, 388 S.W.3d 451 (stating that a judgment is effective when entered by the clerk even if the operative statute refers to "rendering" instead of "entry"). To summarize, once a judgment has been file marked at the clerk's office, it becomes a lien on any real estate the judgment debtor owns in that county. Now that the relevant law has been established, we turn to the discussion.

## IV. *Discussion*

No challenge has been made to the foreign judgment's authentication.[1] Instead, the issue is when the foreign judgment became final and enforceable. And under the statutes and rules discussed above, on September 7, 2007 (when the order registering the judgment was file marked), the default judgment against James Temple and J&S Forestry became a judgment enforceable in this state, as if the action had been initially brought here. Because it was filed in Bradley County, the judgment acts as a lien on all of James Temple's property in that county. Contrary to the circuit court's ruling, the judgment's enforceability does not depend upon the resolution of the motions to set aside filed after the fact. James could have had the enforcement of the foreign judgment stayed upon

---

[1]And, indeed, Harris's attorney filed an affidavit that complied with the statute by listing the last known address of the debtor and of the creditor. We do note that the address provided by the attorney on the affidavit and the address provided by James Harold Temple in his motion to set aside are different. But appellee never raised the issue, nor did the court rule, that the foreign judgment was invalid because it failed to comply with the notice requirements of section 16-66-603(a).

showing the relevant ground under Arkansas Code Annotated section 16-66-604(b). But that was not done here. We note further that our ruling is consistent with the Act's purpose, which is to provide judgment creditors with prompt relief. *Ibanez*, *supra*.

In short, James could not avoid the judgment's enforcement by filing a motion to set it aside. We hold that the judgment acts as a lien on any property James Harold Temple owned in Bradley County on September 7, 2007, which would include his property that Barbara claimed to own free and clear of this lien. We therefore reverse the order granting declaratory judgment.

Reversed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Joseph P. Mazzanti, III*, for appellants.

*Haley, Claycomb, Roper & Anderson, PLLC*, by: *H. Murray Claycomb*, for appellee.